W. H. BETTS v. G. W. JOHNSON ET AL.

No. 1028. Decided March 30, 1903.

1.—Mandamus—State Officer.

The Supreme Court has no jurisdiction to issue the writ of mandamus to compel the "Board of Eclectic Medical Examiners" of the State to issue license to an applicant to practice medicine. (Pp. 362, 363.)

2.—Same.

By an "officer of the State government," against whom the Supreme Court is authorized to issue mandamus in an original proceeding, by art. 946 of the Rev. Stats., seems to be meant only such as are charged with the general administration of State affairs—namely, the heads of State departments. (P. 362.)

Motion for leave to file a petition for mandamus in an original proceeding in the Supreme Court by W. H. Betts against G. W. Johnson and others, constituting the Board of Medical Examiners.

*Hill, Dabney & Carlton*, for petitioner.—As to jurisdiction of this court, respondents constitute the Board of Eclectic Medical Examiners for the State of Texas. By art. 946, Rev. Stats., the Supreme Court may issue writs of mandamus against "any district judge or officer of the State government, except the Governor of the State." The word "officer" is used in the singular, which might raise the presumption that a single officer or head of department is referred to. We think, however, that the singular in this case includes the plural, (see art. 3268, Rev. Stats., sub-sec. 4, Gen. Laws), and that it is plain that where more than one officer of the State government are required to act together jointly, mandamus may issue against them; for instance, should a statute require the Comptroller and Terasurer to jointly countersign some instrument or voucher, mandamus would lie in the Supreme Court against them jointly.

The second question which presents itself under the subject of jurisdiction is whether or not the State Board of Medical Examiners comes within the term "officers" of the State government. We think they are included within it, for if not officers of the State government, it would seem that they have no official capacity, for they are certainly not district or county officers. In Pickell v. McCall, 86 Texas, 219, this court, considering the question as to who is an officer of the State, says that the Comptroller is undoubtedly a State officer, because his duties are coextensive with the State. Applying this and every other test, the State Board of Medical Examiners are officers of the State of Texas. The statute creating these boards is found on page 12, Acts 27th Leg., 1901. By said act it is provided that boards of medical examiners shall be provided "for the State of Texas," the board in question being designated in said act, "The Board of Eclectic Medical Examiners for the State of Texas," by the act they are thus styled a State board.

By section 3 it is provided that these boards shall be appointed, not by

election in any district or county or portion of the State, but by the State of Texas, through its Governor, and by section 5 the duty of this board is specified, which is to examine into the qualifications of medical practitioners for the whole State of Texas, and said section further provides that their acts shall be certified or exemplified under the impress of the seal of the State of Texas. Their powers in this respect are exclusive; their acts in the name of the State and their jurisdiction coextensive with its limits.

It is therefore respectfully submitted that this board is composed of officers of the State, and that jurisdiction is given to this court to compel their action by mandamus a proper case being shown.

[From supplemental argument by *Hill & Dabney,* for petitioner.]— It will be remembered that the law of 1881 prohibits the issuance of the writ against "officers of the executive departments of State," or, as defined by the Constitution, against the Governor, Lieutenant-Governor, Comptroller, Commissioner of Land Office, Secretary of State, Treasurer, and Attorney-General. The meaning of the expression "executive department of State" had been fixed and crystallized in the Constitution and laws for fifteen years. By a familiar rule of construction the Legislature must be presumed to have had in view the meaning of these words as fixed by law.

Therefore had the Legislature by article 946 intended merely to repeal the Act of 1881, by giving the Supreme Court jurisdiction over the "officers of executive department of State," article 946 would have used the expression "officers of the executive departments of State," instead of "officer of the State government."

The mind of the Legislature being directed, as is held in McKenzie v. Baker, 88 Texas, to a repeal or modification of the law of 1881, the abandonment of the expression "officers of the executive departments," and the use of the words, "officer of the State government" assumes a pointed significance. Why make the change without the intention to give a broader scope to the act?

Language is to be construed in the ordinary significance, unless it appears that a narrower interpretation is to be given to effectuate the intention of the Legislature. But looking to the law in part repealed, we find the narrower term deliberately abandoned, and the broader adopted. The Legislature is presumed to mean something by a change of this kind, and by every word used in a statute.

Evidently unless all ordinary meaning of words and all rules of construction are abandoned, the words "officers of the State government" embrace more than the fixed and limited meaning of the words "officers of executive departments of State." This being conceded, to what classes shall article 946 be construed to extend in addition to the officers of the executive departments of State, which are clearly included. What rule, safe, sound and of universal application, may be adopted upon which

jurisdiction may be founded? It seems to us that the rule is fore-shadowed in Pickle v. McCall, 86 Texas, 219. That is, that an officer of State is one whose jurisdiction is coextensive with the State. Anyone is an officer of the State government of whom the following questions may be answered affirmatively: 1. Is the jurisdiction of the officer in question coextensive with the State and not confined to a subdivision thereof? 2. Does he within his department exercise the authority of the State directly and not mediately? 3. Does he derive his authority directly from the State or State government and not from some sub-division thereof? 4. Does he act in the name and by the authority of the State directly? These rules are of easy and certain application, and the State Medical board comes within all of them. A narrower con-struction would exclude the State Superintendent of Education, the State Commissioner of Insurance, and others exercising directly the powers of the State throughout its bounds.

GAINES, CHIEF JUSTICE.—This is a motion to file a petition for a writ of mandamus to compel respondents, as constituting "The Board of Eclectic Medical Examiners" for the State of Texas, to issue to him a license to practice medicine.

We are of the opinion that we can not lawfully grant a writ of man-damus in such a case. Our jurisdiction to grant writs of mandamus is defined by statute in the following terms: "The Supreme Court, or any justice thereof, shall have power to issue writs of habeas corpus as may be prescribed by law; and the said court, or the justices thereof, may issue writs of mandamus, procedendo, certiorari and all writs nec-essary to enforce the jurisdiction of said court; and in term time or vacation may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State." Rev. Stats., art. 946. The words "officer of the State government" are of a very indefinite meaning. All county and district officers are officers of the State government in a general sense; but we have held that they are not such within the meaning of the statute in question. Travis County v. Jourdan, 91 Texas, 217. Whether every officer of the State whose functions are not confined to a political sub-division of the State comes within the meaning of the terms we have never decided. It would seem, however, that it was the purpose of the Legislature to include only such State officers as are charged with the general administration of State affairs—namely, the heads of the State departments. At the time the act under consideration was passed, there was a statute in force which prohibited suits for mandamus against the heads of departments of the State government, and in the case of McKenzie v. Baker, 88 Texas, 669, it was held, that, notwithstanding this law, article 946 of the Revised Statutes conferred jurisdiction upon this court to issue such writs against such officers. This suggests the thought that it was a main purpose of the article to supply the defi-

ciency and to authorize the Supreme Court to issue the writ only in cases in which the district courts had no power to issue it. Incidentally it was provided that this court might issue the writ to a district judge—probably for the reason that it was thought that one such judge should not issue the writ to another judge of the same dignity. It is true, as argued, that if such had been the intention it would have been easy to have said simply "head of departments of the State government," instead of "officer of the State government;" yet the latter words, to our minds, are strongly suggestive that they were intended to have the same meaning.

Article 946 of the Revised Statutes now in force is article 1012 of the Act of April 13, 1892, which provided for the organization of the Supreme Court and defined its jurisdiction under amended article 5 of the Constitution. Before the amendment of that article and the passage of that act, the Supreme Court with the aid of two Commissions had been unable to dispose of the appeals which were brought to it. The purpose of the amendment was to correct this evil by providing for a sufficient number of Courts of Civil Appeals to dispose of the business in the first instance. So as to avoid the very evil which it was the object of the amendment to correct, the Act of April 13, 1892, very carefully limited the jurisdiction of the Supreme Court. It would seem, therefore, that the Legislature did not intend to confer original jurisdiction upon this court, except in cases where there existed some special reason for its exercise. We can see a reason why the court should have been empowered to grant writs of mandamus against the heads of the departments of the State government. These officers must reside and their offices must be kept at the seat of the State government and their official functions are to be performed. there. A mandamus proceeding against the head of a department, as a rule, involves questions which are of general public interest and call for a speedy determination. That they are of far more importance than those ordinarily arising in mandamus suits against other officers, whether of the State or of a district or a county, is as we think obvious.

We fail to see any very good and sufficient reason why the Legislature should have deemed it appropriate to confer original jurisdiction upon this court to grant a writ of mandamus against executive officers other than those intrusted with the general administration of State affairs, and who exercise general governmental functions. Others are officers in a certain sense; but in another sense, they are mere agents charged with the performance of special functions. The district courts have jurisdiction to issue the writ of mandamus to all other officers except heads of departments, and, as in other cases, appeals are allowable for the correction of the errors of those tribunals. Therefore, we think, the Legislature might have well considered that it was neither necessary nor proper to give the Supreme Court jurisdiction to issue the writ of mandamus against such officers.

But the writ applied for in this case is against a board of officers

and not against an officer. It seems that if it had been the purpose to empower this court to issue the writ as well against a board of officers as against a single officer, the language would have been "any officer or board of officers of the State government."

For these reasons the motion to file the petition for the writ of mandamus is overruled.

*Overruled.*