LANE, State Comptroller, v. MAYFIELD.

(Court of Civil Appeals of Texas. Dallas. June 7, 1913.)

1. COURTS (§ 155*)—JURISDICTION — INJUNCTION TO OFFICERS OF STATE—PERFORMANCE OF DUTY UNDER LAWS.

The contract of the commissioners' court of a county with plaintiff to collect delinquent taxes having been joined in by the State Comptroller, on behalf of the state, as authorized by Rev. Civ. St. 1911, art. 7707, it became his duty under the law to recognize plaintiff as collector of such taxes, and to pay him his stipulated fees within article 7707, prohibiting any court, except the Supreme Court, from issuing mandatory injunction to an officer of the executive department of the government of the state to perform a duty prescribed by law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 378, 402½; Dec. Dig. § 155.*]

2. INJUNCTION (§ 118*)—PETITION.

The petition alleging prior interference, but not alleging it was being continued, states no cause for injunction on that account.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. INJUNCTION (§ 7*) — NECESSITY — OTHER REMEDY.

The county tax collector being enjoined from ignoring plaintiff under his contract with the commissioners' court of the county to collect delinquent taxes, there is no necessity for enjoining the State Comptroller, who has no authority to cancel the contract as far as the

state is concerned, and who has no authority over the county tax collector; plaintiff, if he shall collect delinquent taxes, and so become entitled to commissions, which the Comptroller shall refuse to pay, having remedy by proceeding to compel payment.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 6, 34; Dec. Dig. § 7.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by C. A. Mayfield against W. P. Lane, State Comptroller, and another for injunction. Judgment for plaintiff. Defendant Lane appeals. Reversed, and injunction dismissed.

W. D. Walthall and O. C. Funderburk, of Palestine, for appellant.

RAINEY, C. J. This is an injunction suit brought in the district court of Hill county by appellee against appellant, as Comptroller of the state of Texas, and John E. McKenzie, as tax collector of Hill county, seeking to restrain the defendants from doing certain things as will be shown hereafter. Appellant answered by motion to abate for lack of jurisdiction in the district court, to adjudicate the matter as to him, and further answered by general and special demurrer, and McKenzie answered by general demurrer and general denial. The motion to abate and the demurrers of both parties were overruled. The cause was tried and a judgment perpetuating the injunction thereto granted, and Lane alone appeals.

Appellee has filed no brief in this court, and we find the following, taken from appellant's brief, as a correct statement of the facts of the case:

"Appellee's petition sets out a contract between him and the commissioners' court of Hill county, Tex., by the terms of which appellee obligated himself: (a) To prepare and bring down to date all the delinquent tax records of the county, and (b) to collect all delinquent state and county taxes. For these services said court agreed to pay appellee 10 per cent. of the amount of all delinquent taxes (county) collected and paid over to the tax collector, and 25 per cent. on all that it was necessary to collect by suit. Appellant evidenced his joinder in said contract in the following words, to wit: 'I, W. P. Lane, Comptroller of Public Accounts of the state of Texas, hereby join the commissioners' court of Hill county in the above contract made with C. A. Mayfield to collect the delinquent taxes of Hill county, on this, the first day of August, 1911. W. P. Lane, Comptroller.'

"On November 25, 1912, appellant wrote appellee in part as follows: 'This is to notify you that I have this day canceled your contract as delinquent collector to take effect December 1, 1912. * * * For these reasons I have this day canceled your contract.' On the same date appellant wrote defendant McKenzie in full, as follows: 'I am inclosing herewith copy of letter this day written to C. A. Mayfield, delinquent tax collector of Hill county, which explains itself. Upon taking charge of the tax collector's office, please be governed by the inclosed letter.' (The inclosed letter was the one quoted above, declaring cancellation of contract.) On November 30, 1912, appellant wrote to appellee in part as follows: 'As to my authority to cancel your contract, the Attorney General's Department advises there can be no question. * * * The contract itself provides that you shall prosecute your duties under the said contract to the full satisfaction of all parties hereto, including the state of Texas. In this respect you have completely failed, as your contract is in no instance satisfactory to the state, and for this reason I have canceled same. I do not care to have any further correspondence with you concerning this matter, and suffice it to say that, if the collector makes you any allowances for further collections of delinquent taxes, he will do so at his own risk.'

"Based upon the portions of correspondence quoted above, appellee in his petition makes the following allegations respecting appellant: 'Plaintiff alleges that on or about the 1st day of December, 1912, the defendant W. P. Lane, purporting to act in his official capacity as Comptroller of Public Accounts of the state of Texas, by letter addressed to plaintiff, notified plaintiff that his contract with said commissioners' court as set out above was canceled, and said defendant is refusing to recognize plaintiff as the delinquent tax collector of Hill county, Tex. That said defendant Lane is representing to the defendant John E. McKenzie, the said tax collector of Hill county, Tex., that plaintiff's said contract is canceled and that plaintiff is no longer authorized to collect the said delinquent taxes, and said Lane has instructed said McKenzie not to permit plaintiff to collect said delinquent taxes and not to recognize plaintiff as said delinquent tax collector.' Here follow allegations complaining of the action of defendant McKenzie as follows: 'That the defendant McKenzie has since the 1st day of December, 1912, refused to permit plaintiff to collect any of the delinquent taxes and has refused to accept from plaintiff any delinquent taxes collected by him and has refused to issue official receipts for such taxes so collected and has refused and still refuses to recognize plaintiff as such delinquent tax collector and has refused and still refuses to pay him any commissions on delinquent taxes collected since said date. Plaintiff alleges that, under the terms and provisions of said contract and the provisions of the law with reference thereto, plaintiff had the legal right for the full period of two years from the date of said contract to perform the duties of same unmolested by

defendants and to receive the benefits arising therefrom, and that it was the duty of said John E. McKenzie and of the said W. P. Lane in all things to recognize him as the collector of delinquent taxes for Hill county under said contract, and was and is the duty of said John E. McKenzie, tax collector of Hill county, Tex., to issue his official receipts for delinquent taxes collected and to pay over to plaintiff 10 per cent. of all such delinquent taxes so collected.' Further complaining of the conduct of appellant, it is alleged: 'Plaintiff alleges that the acts and conduct of said W. P. Lane in purporting to cancel said contract is arbitrary and malicious and without authority of law, and that the refusal by said John E. McKenzie, tax collector of Hill county, to perform his said duties under said contract, which he alleges are ministerial, is without authority of law, and that unless the said W. P. Lane and John E. McKenzie are restrained from interfering with plaintiff in the performance of his duties under said contract, and unless the said J. E. McKenzie permits plaintiff to collect said delinquent taxes and to complete all of his labors under same, this plaintiff will suffer great and irreparable damages.' In his prayer appellee says: 'Wherefore this plaintiff prays that your honor immediately grant his most gracious writ of injunction restraining until further hearing hereof the said defendants, W. P. Lane and John E. McKenzie, from in any manner interfering with plaintiff in the performance of his duties under said contract and commanding said defendants to recognize plaintiff as the duly authorized collector of delinquent taxes of Hill county, Tex., and commanding the defendant John E. McKenzie to permit plaintiff to collect said delinquent taxes and to issue official receipts therefor, to receive from plaintiff the said delinquent taxes so collected by plaintiff, and to pay over to plaintiff, in accordance with the terms of said contract, 10 per cent. of said delinquent taxes, and that upon final hearing after due service of citation hereon said injunction be made perpetual. Plaintiff prays for all relief, general and special, to which he may be entitled under the facts herein set forth, and for costs.' "

[1] The proposition of appellant is that "the district court has no jurisdiction to issue the writ of injunction against an executive officer of the state government to order or compel him to perform any act or duty which, by the laws of this state, he is authorized to perform, whether such act or duty be judicial, ministerial, or discretionary."

Article 5732, R. S. 1911, which is a re-enactment of article 4861, R. S. 1895, reads: "No court of this state (except the Supreme Court, as provided by article 1526) shall have power, authority, or jurisdiction to issue the writ of mandamus or injunction or any other mandatory or compulsory writ of process against any of the officers of the executive departments of the government of this state to order or compel the performance of any act or duty which, by the laws of this state, they or either of them are authorized to perform, whether such act or duty be judicial, ministerial, or discretionary." This article of the statutes prohibits any court, other than the Supreme Court, from issuing mandatory or compulsory writs against an officer of the executive department of the government of this state to perform a duty (prescribed by law) whether judicial, ministerial, or discretionary.

As we construe plaintiff's petition, it is to prevent the Comptroller from interfering with the tax collector in permitting plaintiff to proceed with the collection of delinquent taxes and to pay plaintiff for his services, in accordance with said contract, and that the Comptroller be required to recognize him as the duly authorized collector of delinquent taxes of Hill county. The contract with plaintiff to collect delinquent taxes was made by the commissioners' court of Hill county and was joined in for the state by the appellant. R. S. 1911, art. 7707. By its terms appellee was to be paid ten per cent. on all taxes collected. Hence it became the duty of the Comptroller under the law to recognize plaintiff as collector of delinquent taxes and his duty to pay him his fees as prescribed by said contract. Thus, as we see it, the injunction was issued to compel the performance of a duty which the district court had no jurisdiction to issue; such a writ against the Comptroller and the plea of abatement should have been sustained. Const. art. 4, § 1; McKenzie v. Baker, 88 Tex. 676, 32 S. W. 1038; Betts v. Johnson, 96 Tex. 360, 73 S. W. 4.

[2, 3] The appellant had no authority to cancel the contract made with the county of Hill and joined in by him for the state, and no authority or control over the conduct of McKenzie, the tax collector of Hill county, in relation to said contract; hence his ipso dixit that it was canceled amounted to nothing as no one was affected thereby.

The Comptroller's statement to McKenzie, the tax collector of Hill county, in effect that appellee's contract was canceled and that he was not authorized to collect said delinquent taxes, and for him not to recognize appellee as said collector and not to permit him to collect said delinquent taxes, etc., was made before said writ of injunction was issued, and there is no allegation that the said Comptroller was then continuing his interference; therefore there was no cause for an injunction against him. Again, as the Comptroller had no right to cancel the contract as far as the state was a party thereto without a judicial action for that purpose, and McKenzie was not compelled to act in obedience to the Comptroller, it was not necessary to make him a party to this action; and, the court having enjoined McKenzie from ignoring him under said contract, appel-

lee accomplished what he was entitled to, so if appellee collects taxes under the contract, pays it over and becomes entitled to commissions, and payment is refused by the Comptroller, he can proceed in a court of competent jurisdiction to compel payment.

As no power existed in the district court to issue the writ of injunction under the circumstances, the judgment against the appellant granting the injunction is reversed, and the injunction dismissed.