# DECEMBER, 1923.

---

## IN RE HOUSE BILL No. 537.

No. 4076.    Decided December 5, 1923.

(256 S. W., 573.)

**1.—Jurisdiction of Supreme Court.**

The jurisdiction of the Supreme Court and the powers which may be exercised by the court or by a justice thereof are defined by the Constitution (art. 3, sec. 5). The Legislature is not authorized to confer additional powers on a single justice. (Griner v. Thomas, 101 Texas, 38; Hines v. Morse, 92 Texas, 196 followed). Courts and justices can not be required and will not be permitted to perform functions having no relation to their judicial duties as constitutionally defined. (P. 369).

**2.—Same—Constitutional Law—Statute.**

The Act of March 28, 1923, Laws, 38th Leg., p. 315, requiring the chief justice or an associate justice of the Supreme Court to designate district judges to hold special terms of court in the districts of other judges, for

the relief of the accumulation of business therein, confers powers which the Legislature is not authorized to impose on such court or its judges by reason of the jurisdiction, either appellate or original, which the Constitution permits them to exercise. The court, holding such act unconstitutional, decline to impliedly recognize its validity by exercising the powers so attempted to be conferred. (Pp. 368-371).

Mr. Justice GREENWOOD delivered the opinion of the court.

The 38th Legislature passed an act:

1st. Imposing the duty on the Chief Justice or either Associate Justice of the Supreme Court to designate district judges to hold special terms of the district court in districts other than their own, when required in the public interest, by reason of either the urgency of pending business or an accumulation thereof.

2nd. Empowering the Chief Justice or either Associate Justice of the Supreme Court to require the regular judge of the court considered in need of a special term to call such special term.

3rd. Authorizing the judge designated by a justice of the Supreme Court to discharge, during the special term, all the duties of the regular judge, it being provided that two or more judges may hold the district court in a district at the same time.

4th. Imposing the duty on the district clerks of the State to make semi-annual reports to the clerk of the Supreme Court of the number of cases on their file dockets, jury dockets, and non-jury dockets, beside such special reports as the Supreme Court or any of its members may require, under penalty of being held in contempt of the Supreme Court.

Without at least an implied determination of the validity of the Act, the Supreme Court could not rightly exact of the district clerks performance of the duties imposed on them, and the justices of the Court could not with propriety proceed to discharge the functions which the Act requires of them. We therefore feel impelled to consider whether the Act is valid or invalid, and to announce our conclusion.

Section 3, of Article V, of the State Constitution declares "the Supreme Court shall have appellate jurisdiction only, except as herein specified." The section explicitly defines both the court's "appellate jurisdiction", and its "original jurisdiction." As defined, such appellate jurisdiction can extend no further than to questions of law in cases of which the courts of civil appeals have appellate jurisdiction; and such original jurisdiction can extend no further than "to issue writs of habeas corpus", and "to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the governor of the state." The section also grants power, to be exercised as prescribed by the Legislature, to the justices of the Supreme Court, as well as to the court, to issue writs of habeas corpus and writs for the enforcement of the jurisdiction

of the court. The court is also empowered to appoint and remove its clerks and to ascertain all matters of fact necessary to the proper exercise of its own jurisdiction. By Section 25, of Article V, the Supreme Court is empowered to make and establish rules of procedure, not inconsistent with the laws of the state, for the government of all courts, to expedite the dispatch of business therein.

It is not an open question that the Constitution does not empower the Legislature to confer further power on a single justice of the Supreme Court than to issue writs of habeas corpus and writs for the enforcement of the court's jurisdiction. Griner v. Thomas, 101 Texas, 38; Hines v. Morse, 92 Texas, 196. The fact that the makers of the Constitution thought an express grant necessary before the Legislature could empower a justice to enforce the court's own jurisdiction is conclusive against any implication of an intent for the Legislature to grant powers to the justices in matters unrelated to the enforcement of the court's jurisdiction, save in the single specially excepted instance of necessity for the grant of the writ of habeas corpus to protect human liberty.

It is obvious that such powers as the Act undertakes to confer on the single justice do not come within the court's appellate jurisdiction, nor within the court's original jurisdiction specified in the Constitution. The jurisdiction of the Supreme Court is its power to hear and determine causes. Its original jurisdiction is exercised in cases instituted in the Supreme Court in the first instance. Its appellate jurisdiction is exercised to review orders or judgments of the courts of civil appeals. Pickle v. McCall, 86 Texas, 218; Brownsville v. Bass, 43 Texas, 449. Therefore, the explicit language of the Constitution puts it beyond the power of the Legislature to confer on the Supreme Court such powers as this Act attempts to confer on each justice, that is, to determine what causes in district court, civil and criminal, shall be speedily determined, and to require the calling and holding of special terms.

The inflexible rule for the Supreme Court of the United States is · "While it executes firmly all the judicial powers entrusted to it, the court will carefully abstain from exercising any power that is not strictly judicial in its character, *and which is not clearly confided to it by the Constitution.*" Muskrat vs. U. S., 219 U. S., 355. Every court of last resort in America may well adhere to the rule. In following it, all the judges of this court, viz: Chief Justice Brown and Associate Justices Phillips and Hawkins, joined in formally advising the Governor, on April 16, 1915, that the court would not name members of a board to locate normal schools, as prescribed by an act of the Legislature, "nor undertake any other duty not within its constitutional powers."

A statute which purports to delegate to one justice a duty of the Supreme Court is unconstitutional and void. Public Utilities Com-

mission v. Rhode Island Co., (R. I.), 107 Atl., 873. With far more reason must a statute be held invalid which purports to grant one justice power which could not be constitutionally conferred on the Supreme Court.

It has often been decided that courts and judges cannot be required and will not be permitted to perform functions having no relation to their judicial duties as constitutionally defined. 12 C. J., 873. Supervisors of Elections v. Todd, 97 Md., 247, 62 L. R. A., 812 is a leading case enunciating the principle, which would seem to apply with peculiar force when the function, beyond the province of the judges on whom it is sought to be conferred, is an appropriate, and perhaps a necessary, function of other judges and courts, whose independence, in matters of this sort, has been jealously guarded by the Constitution. It is vitally necessary in our system of state government to prevent any encroachment on the discretion which the Constitution intends that the district judges shall exercise. It would be difficult to effectively exercise the high powers conferred on district judges if they were denied discretion to determine the urgency of the business before their courts, and if they were compelled to desist from certain trials and to conduct other trials not as guided by their own judgments but as directed by some other authority.

The Constitution states the method in which the Supreme Court may be utilized to expedite the business of the trial and appellate courts, which is by the establishment of rules of procedure. That method is entirely foreign to the duties which this Act seeks to impose on the justices. The grant of the specified power tends to negative an intent for the court to accomplish the stated end by the exercise of altogether different power. If, however, the power sought to be delegated by the Act came within the scope of the power to establish rules of procedure, the Act would still be invalid, because seeking to confer power on each justice, which was required by the Constitution to be exercised by the court. Art. 946 Batt's Civil Statutes of Texas; Griner v. Thomas, 101 Texas, 38.

This Court has pointed out that the amended judiciary article adopted in 1891 placed such careful limitations on the powers of the Supreme Court because, under the former constitutional provisions, it had been unable to dispose of its business with the aid of two Commissions of Appeals. Betts v. Johnson 96 Texas, 363. And it is common knowledge that at most times, under the amended judiciary article, the Court and its justices have been unable with like aid to keep up with the work plainly confided by the article to the Court and its justices. So great is the volume of business within the clear scope of the constitutional functions of the Supreme Court and of the individual justices, that the proper dispatch of such business would be seriously hampered by attention to the duties sought to be imposed

on all the justices by this Act. It is plainly beyond the power of the Legislature to impose a service on the justices which would seriously impair the efficient discharge of the constitutional duties of the court and of its justices.

The court is always reluctant to declare an act of the Legislature in violation of the Constitution. The justices are especially reluctant to disregard a legislative command to themselves. We do not believe this Act capable of enforcement after the elimination of the provisions violative of the Constitution. It therefore becomes the imperative duty of the Court and of the judges, under the obligation to uphold the Constitution as the supreme and paramount law of the State, to treat the Act as repugnant to the Constitution and therefore void. All the justices concur in the views herein expressed.