

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 2, 1973

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 117

Re: Constitutionality of the
Campaign Reporting and
Disclosure Act of 1973

Dear Mr. Resweber:

The Campaign Reporting and Disclosure Act of 1973 (Laws 1973, 63rd Leg., ch. 423, p. 1101) was adopted by the 63rd Legislature for the stated purpose of "regulating campaign contributions and expenditures and political advertising." The Act contains thirteen substantive sections which amend and add to Chapter 14 of the Texas Election Code.

Among the many laudable features of the 1973 Act, it makes the appointment of a campaign manager mandatory and extends that requirement to elections involving "measures" and to municipal elections (§ 3, amending Article 14.02, Election Code); it extends its requirements to "political committees" as well as candidates; it tightens the restrictions on campaign expenditures, both as to amount and manner of expenditure. (Sections 4 and 5, amending Articles 14.03 and 14.04, of the Code); it strengthens the penalties, both civil and criminal, and authorizes injunctive process upon application by any citizen to avoid violations. (Sections 6, 7 and 12, amending Article 14.05 and 14.06 and adding a new Article 14.14); criminal penalties are added to those which may be imposed upon a corporation for making an illegal contribution (§ 8, amending Article 14.07); the requirements for records and sworn statements are greatly expanded and strengthened (§ 9, amending Article 14.08); the penalties for violating regulations concerning political advertising are increased from a maximum fine of $100 to a possibility of a fine of $5,000 and/or imprisonment for up to 5 years. (Section 10, amending Article 14.10).

You have asked about the constitutionality of the Election Commission created by § 11 of the Act (to be codified as Article 14.13 of the Code).

The Act creates a County Election Commission in each county of the State composed of the county chairmen of two political parties and the senior district judge in point of service. The State Election Commission, also created by the Act, consists of four political party officials, the Chief Justice of the Supreme Court, the Presiding Judge of the Court of

Criminal Appeals, one Justice of a Court of Civil Appeals, one district judge and the Secretary of State.

The State and County Commissions have identical duties in regard to their respective jurisdictions. These duties are (1) to inspect, at their discretion or on request, any campaign contribution or expenditure statement; (2) to immediately notify any candidate or campaign manager if it appears he has failed to comply with the filing requirements of the Act, and (3) if a candidate or committee fails to comply with the provisions of the Act after notice, to inform the appropriate district attorney of the violation so that appropriate legal action may be taken.

Members of each commission are required to determine whether there has been a violation of the Code, to notify "any candidate or campaign manager" of the violation and, if he then fails to comply with the Code, "the commission shall inform the county or district attorney [ in the case of the County Commission or "the appropriate district attorney" in the case of the State Commission] of the violation so that appropriate legal action may be taken." Thus, in effect, the Commission and its members may be the complaining party in a court action growing out of an apparent violation.

The Election Code, in Article 14.05, as amended, provides for civil remedies. Article 14.06, also amended, provides for criminal penalties.

> "Any candidate, campaign manager, assistant campaign manager, or other person, who makes an unlawful campaign contribution or expenditure in violation of this chapter shall be fined not less than one hundred dollars nor more than five thousand dollars, or be imprisoned in the penitentiary not less than one nor more than five years, or be both so fined and imprisoned."

Similar penalties attend a wrongful donation by a corporation under amended Article 14.07. A newly added Article 14.14 authorizes district courts to issue injunctions to enforce the provisions of the Code.

Apart from duties as members of the commissions, it would be the duty of judges, whether civil or criminal , whether in the trial court or an appellate court, to impartially consider the evidence and law presented in their courts on matters of criminal guilt or civil liability. It would be a breach of that duty for them to pre-judge a case, and particularly to do so officially.

Since the Chief Justice of the Supreme Court and the Presiding Judge
of the Court of Criminal Appeals are required by the statute to be members
of the State Election Commission, no civil or criminal legal actions initiated
by a district attorney pursuant to the State Election Commission's advice
could travel the full appellate route of this State's judicial process without
reaching a court upon which sat a member who had already officially con-
sidered and judged the factual and legal basis for the alleged violation.

We think membership by such judicial officers on the Commission would
seriously impair the efficient discharge of their constitutional duties and of
the constitutional duties of the Courts on which they sit. The judges would
recuse themselves and deprive the courts of their presiding officers. The
number of judges available would be less than that contemplated by the Con-
stitution.

In Re House Bill No. 537, 256 S.W. 573 (Tex. 1923) concerned a similar
situation. There the Legislature had attempted to impose upon the Chief
Justice and Associate Justices of the Supreme Court, as individuals, the duty
to control certain facets of district court litigation. The Supreme Court
stated that such statutory duty would conflict with the constitutional duties of
the Justices, would interfere with their efficient performance thereof, and
therefore was void. It said at page 574:

> "It is plainly beyond the power of the Legislature
> to impose a service on the Justices which would seriously
> impair the efficient discharge of the constitutional duties
> of the court and of its Justices."

This decision, we believe, is grounded upon the doctrine of incompatibility,
recognized again by the Supreme Court in Jones v. Alexander, 59 S.W. 2d 1080
(Tex. 1933) where, in deciding that membership by judges on Juvenile Boards
was permissible, it said that the statute requiring such membership could not
be condemned "unless . . . the additional duties imposed are incompatible with
their other duties conferred upon them by law . . . ."(595 S.W. 2d at 1082)

The common law doctrine of incompatibility protects the basic integrity of
our institutions, cf. Thomas v. Abernathy County Line Independent School
District, 290 S.W. 152 (Tex. Comm. 1927), and we think it must be considered

infused into the provisions of the Constitution conferring powers and duties upon offices and officers.   Article 16, § 48, Texas Constitution; Great Southern Life Insurance Co. v. City of Austin, 243 S. W. 778 (Tex. 1922); cf. Dickson v. Strickland, 265 S. W. 1012 (Tex. 1924).   Because of it, we think the statutory requirement that judges serve on the State Election Commission is invalid, and because we are unable to say that the Legislature would have wished the Commission to function without their participation, we must conclude that the portion of the Act creating the State Election Commission is void.

The same considerations lead us to believe that the County Election Commissions are also invalidly constituted and that the portion of the Act creating them is void.  District judges, no less than appellate judges, mus t preserve their judicial integrity, and in many of our counties any case involving a violation of the Campaign Disclosure Act would necessarily be presented in the court of the district judge who sits upon the County Election Commission.

The provisions of the Act creating the Commissions are severable, and our opinion finding them unconstitutional in no way affects the validity of any other portion of the Act.

**S U M M A R Y**

Those portions of the Campaign Reporting and Disclosure
Act of 1973 establishing State and County Election Commissions
are unconstitutional, but the validity of other portions of the
Act is not affected.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee