**CITY OF ARLINGTON, Texas, Relator,**

v.

**Claudia NADIG, Administrator, Subsequent Injury Fund, Texas Workers' Compensation Commission, and Todd K. Brown, Executive Director, Texas Workers' Compensation Commission, Respondents.**

No. 97–0212.

Supreme Court of Texas.

June 20, 1997.

Frank Waite, Don W. King, Jr., Arlington, for Relator.

Todd K. Brown, Claudia Nadig, Joseph A. Pitner, Austin, for Respondents.

PER CURIAM.

The City of Arlington sought judicial review of a Texas Workers' Compensation

Commission ("TWCC") decision awarding disability benefits to one of the City's workers. The trial court reversed the TWCC Appeals Panel's decision and held that the City was entitled to reimbursement from the TWCC Subsequent Injury Fund pursuant to Tex. Lab.Code § 410.205. Following the TWCC's refusal to reimburse the City, the City proceeded directly to this Court and moved for leave to file a petition for writ of mandamus against both the TWCC executive director and the Subsequent Injury Fund administrator.

The City urges that this Court has exclusive jurisdiction over the TWCC executive director because the director is an officer of an executive department of the government of this state. Tex. Gov't Code § 22.002(c). We have previously held that members of state boards are not state officers for purposes of this Court's exclusive mandamus jurisdiction. *Betts v. Johnson,* 96 Tex. 360, 73 S.W. 4, 5 (1903)(orig. proceeding). In a case involving the predecessor of the TWCC commissioners, the Austin Court of Appeals, relying on *Betts,* held that the members of the former Industrial Accident Board were neither "officer[s] of the State Government" nor "officers of the executive departments of the government" within this Court's exclusive mandamus jurisdiction. *Glenn v. IAB,* 184 S.W.2d 302, 307 (Tex.Civ.App.—Austin 1944), *rev'd on other grounds,* 144 Tex. 378, 190 S.W.2d 805 (1945). We likewise conclude that we do not have exclusive mandamus jurisdiction over the TWCC executive director or over the Subsequent Injury Fund administrator. Because these officials are subject to mandamus in the district court, we will not grant leave to file the initial writ of mandamus in this Court. Tex. Const. art. V, § 8. The motion for leave is overruled without prejudice to the City's right to seek mandamus relief in a lower court.