OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 5, 2002

Mr. Felipe T. Alanis
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. JC-0537

Re: Whether a member of a school district board of trustees may serve as a county or precinct chair of a political party, or may be a candidate for the position of county chair (RQ-0516-JC)

Dear Mr. Alanis:

Your predecessor in office requested our opinion as to whether a member of a school district board of trustees may serve as a county or precinct chair of a political party, or may be a candidate for the position of county chair. For the reasons set forth below, we conclude that a school district trustee may do so.

Section 161.005 of the Election Code provides, in relevant part:

(a) To be eligible to be a candidate for or to serve as a county or precinct chair of a political party, a person must:

(1) be a qualified voter of the county; and

(2) *not be a candidate for nomination or election to, or be the holder of, an elective office of the federal, state, or county government.*

TEX. ELEC. CODE ANN. § 161.005 (Vernon Supp. 2002) (emphasis added). Thus, in order to be eligible to serve as a county or precinct chair, or as a candidate for such position, an individual may not be, *inter alia*, a holder of "an elective office of the federal, state, or county government." Accordingly, we must determine whether a school district trustee holds "an elective office of the federal, state, or county government."

Initially, we note that a prior opinion of this office issued in 1975 held that section 3 of article 3.04 of the then-current Election Code, the predecessor statute to section 161.005, barred a mayor from serving as the county chair of a political party's executive committee. Tex. Att'y Gen. Op. No. H-698 (1975) at 4. The relevant statute at that time, however, read as follows:

> No one shall act as chairman or as member of any district, county or city executive committee of a political party who is not a qualified voter, or who is a candidate for public office, or *who holds any office of* profit or *trust*, either *under* the United States or *this state*, or any city or town in this state.

Act of June 2, 1969, 61st Leg., R.S., ch. 878, § 3, 1969 Tex. Gen. Laws 2662, 2664 (emphasis added). Another attorney general opinion found that a school district trustee, *inter alia*, held an office of trust under this state, and hence, was barred from serving as a political party chair. *See* Tex. Att'y Gen. Op. No. H-876 (1976) at 2.

Trustees of an independent school district hold elective office. *See, e.g.*, TEX. EDUC. CODE ANN. §§ 11.052 (Vernon Supp. 2002) (method of election of board of trustees in districts that use single-member districts); .059(b) (Vernon 1996) (elections for trustees with three-year terms shall be held annually); .059(c) (elections for trustees with four-year terms shall be held biennially). Clearly, a school district trustee does not hold "an elective office of the federal government," and is not an officer of the county government. "The trustees of an independent school district constitute a body corporate . . . ." *Id.* § 11.151(a) (Vernon 1996). "The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district." *Id.* § 11.151(b). An independent school district is a "quasi-municipal corporation . . . entrusted with the duty of managing the schools to the extent of the power delegated . . . and is a part of the State Government." *Southwestern Broad. Co. v. Oil Ctr. Broad. Co.*, 210 S.W.2d 230, 233 (Tex. Civ. App.–El Paso 1947, writ ref'd n.r.e.); *see also Univ. Interscholastic League v. Midwestern Univ.*, 255 S.W.2d 177, 183 (Tex. 1953) (public schools are quasi-public entities and are subject to direct statutory control by the Legislature). "Under the Constitution, our public schools are essentially state schools, and authority to control their operation, except as otherwise prescribed, is included among the powers conferred upon the Legislature." *Mumme v. Marrs*, 40 S.W.2d 31, 35 (Tex. 1931). Unquestionably, then, a school district trustee does not hold "an office of the county government." The question that must be addressed is whether a school district trustee is "an officer of the state government."

As we have noted, judicial decisions have described the public school system as part of the "state government." In *Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964), the Texas Supreme Court held that "Members of the City Council [of home rule cities] are Officers under this state within the meaning of Art. III, Sec. 19 of our State Constitution." *Id.* at 625. As this office stated in Letter Opinion 93-031, "[a]lthough *Willis* addressed article III, section 19 rather than article XVI, section 40, the court specifically determined that the office of city council member is one which is held 'under this state.'" Tex. Att'y Gen. LO-93-031, at 2. The opinion noted that, under the test of *Willis v. Potts*, a compensated school district employee holds "a position of profit under this state." *Id.* In our opinion, however, it does not follow that, merely because a school district trustee holds an office "under this state," he or she is thereby "an officer of the state government."

In the first place, under *Willis v. Potts*, a county officer also holds an office "under this state." If the meaning of "officer of the state government" is identical to holding an office "under this state," then the inclusion of "office of county government" in section 161.005 of the Election Code would have been unnecessary. We are obliged to give effect to every sentence, clause, phrase, and word of a statute, if it is reasonable and possible to do so. *Perkins v. State,* 367 S.W.2d 140, 146 (Tex. 1963).

The only other statute that uses language similar to that found in section 161.005 of the Election Code is section 22.002 of the Government Code. It provides, in relevant part:

> (a) The supreme court or a justice of the supreme court may issue writs of procedendo and certiorari and all writs of quo warranto and mandamus agreeable to the principles of law regulating those writs, against a statutory county court judge, a statutory probate court judge, a district judge, a court of appeals or a justice of a court of appeals, or *any officer of state government except the governor, the court of criminal appeals, or a judge of the court of criminal appeals.*

TEX. GOV'T CODE ANN. § 22.002(a) (Vernon Supp. 2002) (emphasis added). This provision has been construed by Texas courts on several occasions. More than a century ago, the predecessor of section 22.002(a) stated that the Supreme Court "may issue [various] writs . . . against any district judge or officer of the state government, except the governor of the state." *Travis County v. Jourdan,* 42 S.W. 543 (Tex. 1897) (citing former article 946). In *Betts v. Johnson,* 73 S.W. 4 (Tex. 1903), the Supreme Court declared:

> The words "officers of the state government' are of a very indefinite meaning. All county and district officers are officers of the state government in a general sense, but we have held that they are not such within the meaning of the statute in question . . . . It would seem, however, that it was the purpose of the Legislature to include only such state officers as are charged with the general administration of state affairs, namely, the heads of the state departments.

*Id.* at 4-5. Construing an amended version of this statute, a subsequent court said that "a State officer is one whose jurisdiction, duties and functions are coextensive with the State, and who receives his authority under the State laws and performs some of the governmental functions of the State." *Tex. Liquor Control Bd. v. Cont'l Distilling Sales Co.,* 199 S.W.2d 1009, 1012 (Tex. Civ. App.–Dallas 1947, writ ref'd n.r.e). In 1999, the Supreme Court construed the present version of section 22.002(a) and concluded:

> We have construed this phrase ["issue writs of mandamus against 'any officer of state government except the governor'"] to refer, not to every State official at every level, but only to chief administrative

> officers – the heads of State departments and agencies who are charged with the general administration of State affairs.

*In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 776 (Tex. 1999).

In our view, the use of the term "officer of state government" in section 22.002(a) of the Government Code is sufficiently similar to the phrase "office of the . . . state . . . government" in section 161.005 of the Education Code that we can reasonably rely on the cases interpreting the former to construe the latter. We find therefore that a member of a school district board of trustees does not hold an "office of the state government." Accordingly, he or she is not prohibited by section 161.005 of the Election Code from being a candidate for, or serving in the position of, county or precinct chair of a political party.

## S U M M A R Y

A member of a school district board of trustees does not hold an "office of the state government." Accordingly, he or she is not prohibited by section 161.005 of the Election Code from being a candidate for, or serving in the position of, county or precinct chair of a political party.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee