

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-75,456-02

## IN RE ELIOTT NATHANIEL GUERRERO, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 1073367 & 1026226 IN THE 262ND DISTRICT COURT
### HARRIS COUNTY

SCHENCK, P.J., delivered the opinion of the Court in which RICHARDSON, YEARY, KEEL, WALKER, MCCLURE, FINLEY and PARKER, JJ., joined. NEWELL, J., concurred.

### O P I N I O N

This is a "paper parole" case.[1]  Relator Eliott Nathaniel Guerrero claims that

his two stacked sentences (a 12-year sentence for possession of a controlled

substance and a 28-year sentence for aggravated assault) were incorrectly calculated

---

[1] "Paper parole" is a parole determination that would not result in an actual, physical release of the inmate from TDCJ custody.  *See Ex parte Johnson*, 541 S.W.3d 827, 832 (Tex. Crim. App. 2017) (Keasler, J., concurring).

by the TDCJ to run concurrently instead of consecutively, and that the error was only discovered after he discharged his first sentence and the Parole Board voted for his release to parole on the second sentence. Relator requested the Parole Board to designate the date he would have been released on his first sentence had his sentences been calculated correctly when he began serving them but has received no response from the Parole Board. Relator filed this instant application for writ of mandamus requesting this Court direct the Parole Board to comply with Section 508.150 of the Government Code and designate the date upon which he would have been "eligible for release" on his controlled substances conviction had he been sentenced to serve only that sentence.

However, we must first ascertain our jurisdiction to entertain this original mandamus proceeding. *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 (Tex. Crim. App. 1985) ("For a court to act, it must have jurisdiction to do so. This is fundamental."); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) ("Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity."). We conclude that under the relevant constitutional and statutory provisions, this Court does have jurisdiction to mandamus the Parole Board. As to the merits of Relator's claim, we agree with Relator that he does not have an adequate remedy at law other than mandamus and that the Parole Board has

violated a ministerial duty. Thus, Relator is entitled to relief.

## I. INTRODUCTION

On July 19, 2006, in cause number 1026226 in the 262nd District Court of Harris County, Texas, Relator pleaded guilty to possessing cocaine pursuant to a negotiated plea in exchange for a twelve-year prison sentence. Roughly a week before Relator arrived at TDCJ to begin serving his drug possession sentence, TDCJ received additional information concerning a second-in-time judgment of conviction and sentence. In fact, on March 7, 2007, in cause number 1073367 in the 262nd District Court of Harris County, Texas, a jury had convicted Relator of aggravated assault on a public servant and had sentenced him to twenty-eight years in prison. The face of the judgment and sentence for the aggravated assault charge stated that "this sentence shall run concurrently." However, on the judgment's second page, the district court had entered a handwritten cumulation order just below a deadly weapon finding, stating that the twenty-eight-year sentence was to run consecutively to the twelve-year sentence.

Relator's two sentences were inadvertently processed as "concurrent," based on the aggravated assault judgment's first page. TDCJ's system initially calculated a single parole eligibility date for both concurrent sentences as June 26, 2020—the date he was eligible for parole on his twenty-eight-year sentence—which was "controlling" because it was the longest sentence. Relator fully discharged his

twelve-year sentence on June 26, 2018, two years before the Parole Board was scheduled to first review Relator for parole for both sentences.

On May 10, 2021, the Board favorably voted for Relator's parole, conditioned on Relator completing certain rehabilitation programs. On March 10, 2022, in anticipation of his potential release to parole for his only remaining sentence, TDCJ audited Relator's time and sentence calculations. For the first time, TDCJ discovered that Relator's sentences were actually consecutive. The new designation caused the TDCJ to automatically recalculate a new parole eligibility date of October 15, 2031. Once notified of the correction, the Parole Board withdrew its favorable vote. Relator filed the instant petition for writ of mandamus in this Court, asking this Court to direct the Parole Board to redesignate Relator's parole eligibility date.

## II. JURISDICTION

We first address jurisdiction. Respondents argue Section 22.002(c) of the Texas Government Code precludes the Court from exercising jurisdiction against the Parole Board.

The Texas Constitution and the Code of Criminal Procedure provide this Court the power, in criminal law matters, to issue writs of mandamus. TEX. CONST. art. V, § 5(c); TEX. CODE CRIM. PROC. art. 4.04, § 1. However, Section 22.002(c) of the Government Code provides that the Texas Supreme Court has exclusive mandamus jurisdiction over executive officers of the state. TEX. GOV'T CODE

§ 22.002(c).

> Section 22.002(c) provides:
>
> *Only the supreme court has the authority to issue a writ of mandamus* or injunction, or any other mandatory or compulsory writ or process, *against any of the officers of the executive departments of the government of this state* to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

*Id.* (emphasis added).

The Supreme Court of Texas has stated that "when a relator seeks to compel an executive officer to perform duties imposed by law, generally [the Supreme Court] alone is the proper forum." *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex. 1995) (orig. proceeding). "[A]ny of the officers of the executive departments of the government of this state" has been interpreted to refer, "not to every State official at every level, but only to chief administrative officers—the heads of State departments and agencies who are charged with the general administration of State affairs." *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 776 (Tex. 1999) (citing *Chemical Bank & Trust Co. v. Falkner*, 369 S.W.2d 427, 430–31 (Tex. 1963); *Betts v. Johnson*, 96 Tex. 360, 73 S.W. 4, 5 (1903)).

We find Respondent's argument without merit. Plainly, the Parole Board does not fall within the ambit of Section 22.002(c), which is limited to State's chief executive officers. We must therefore determine whether jurisdiction lies elsewhere.

Article 4.04, Section 1, of the Code of Criminal Procedure provides that, "[t]he Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, *in criminal law matters*, *the writs of mandamus*, procedendo, prohibition, and certiorari." TEX. CODE CRIM. PROC. art. 4.04. § 1. But what are "criminal law matters" as contemplated in the Code?

The Texas Supreme Court has articulated that some of what it considers criminal law matters include "guilt or innocence, the propriety of a sentence, the criminal nature of particular conduct proved to have occurred, or compliance with the procedural guarantees of the federal and Texas Constitutions in a given case." *In re Tex. House of Representatives*, 702 S.W.3d 330, 338 (Tex. 2024). We have generally held that "[d]isputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters." *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993).[2]

It follows that the calculation of Relator's parole date, that (1) originates from consecutive stacked sentences under Article 42.08 of the Code of Criminal

---

[2] Examples of criminal matters include challenges to the assessment of attorney fees in the bill of costs, *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011), objections to the judge assigned to a trial court, *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 583 (Tex. Crim. App. 1993), and matters relating to executions. *See State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389, 395–96 (Tex. Crim. App. 1994).

Procedure, and (2) "arise[s] . . . incident to a criminal prosecution," is a criminal law matter over which this Court has mandamus authority. *Id.* We hold that the instant proceeding involves a "criminal law matter." Therefore, we have original mandamus jurisdiction.

### III. MANDAMUS RELIEF

#### a. Applicable Law

We have adopted a two-part test for determining whether mandamus might issue. *In re State ex rel. Ogg*, 692 S.W.3d 481, 484 (Tex. Crim. App. 2024). To obtain mandamus relief, a relator must establish that no other adequate remedy at law is available to redress the alleged harm and that the act he seeks to compel is ministerial, rather than discretionary, in nature. *Id.*

#### b. Adequate Remedy at Law

Respondent argues that Relator had an adequate remedy at law on habeas but failed to timely execute it. Respondent argues that had Relator immediately informed TDCJ or challenged the cumulation error by writ before he would have been eligible for parole absent the error (in 2007), then the claim would have been available via habeas because it would have been a sentence calculation error, which is cognizable on habeas. Respondent concludes that by not availing himself of an avenue of relief when it was available, Relator forfeited the ability to challenge the lack of parole review.

Generally, habeas is not a proper vehicle to address a claim regarding the procedural requirements concerning the timing of parole reviews. *Ex parte Johnson*, 541 S.W.3d at 830. As we explained in *Ex parte Johnson*, "'[a]ny postconviction relief from a failure to conduct a timely parole review would have to be via mandamus . . . assuming [the] Court has authority to issue a writ of mandamus against the Parole Board. . . .'" *Id.* at 830–31.

Respondent's position would also require Relator—and others like him—to act against their human nature. We have previously recognized that expecting an inmate to inform the authorities that they should, in fact, be detained goes against human nature. *See Ex parte Hale*, 117 S.W.3d 866, 869 (Tex. Crim. App. 2003) ("It would require one who had requested no relief, but who had been told to leave his place of confinement by those who confined him, to refuse to leave and demand that he be allowed to finish serving his sentence at that time in order to ever be free from the clutches of the law. Such conduct on the part of a prisoner would be inconsistent with human nature as we know it."); *see also Ex parte Rowe*, 277 S.W.3d 18, 19 (Tex. Crim. App. 2009). In Relator's case, it would follow that an inmate who realizes his sentences were erroneously calculated to his benefit would not request a change from prison authorities that would result in serving many more years in prison. In light of this, we hold that Relator does not have an adequate remedy at law other than mandamus.

### c. Ministerial Duty

Section 508.150(a) of the Texas Government Code provides:

(a) If an inmate is sentenced to consecutive felony sentences under Article 42.08, Code of Criminal Procedure, a parole panel shall designate during each sentence the date, if any, the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.

(b) For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:

> (1) when the actual calendar time served by the inmate equals the sentence imposed by the court; or

> (2) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.

TEX. GOV'T. CODE § 508.150(a), (b).

"The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources) and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).

Here, Section 508.150 created a mandatory duty for the Parole Board to designate Relator's eligibility date. *See* TEX. GOV'T. CODE § 508.150(a) ("a parole panel *shall* designate during each sentence the date. . . .") (emphasis added). The

use of the word "shall" generally indicates a mandatory duty. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002); *see also* TEX. GOV'T CODE § 311.016(2) (providing that, under the Code Construction Act, "Shall" imposes a duty.). And, we have already recognized as much, when we held that Section 508.150 "requires the Board to designate a hypothetical parole release date for an inmate serving consecutive sentences under [Article] 42.08." *Ex parte Kuester*, 21 S.W.3d 264, 267 (Tex. Crim. App. 2000). And in this case, the Parole Board did not undertake its ministerial duty, as required by law.

## IV. CONCLUSION

We stress that issuing a writ of mandamus is a discretionary act that is informed by equitable principles. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 926 (CCA 1994) (citing *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, at 549 (CCA 1987)); *In re Medina*, 475 S.W.3d 291, 297–98 (CCA 2015)." As Relator here presents a timely request for relief affecting a substantial right, we will conditionally grant the requested relief. This case is simple. The Parole Board was required, by law, to designate the date upon which Relator would have been eligible for release on his controlled substances conviction had he been sentenced to serve only that sentence. But the Parole Board did not do so. So, we conditionally grant Relator's petition for writ of mandamus. The writ of mandamus will issue only in the event that the Parole Board fails to comply with this opinion.

Delivered: April 2, 2025
Publish