REGINALD McFALL v. STATE BOARD OF EDUCATION.

No. 1858.    Decided May 13, 1908.

**1.—Mandamus—Board of Officers.**

The power given the Supreme Court to issue the writ of mandamus against an officer of the State government (Rev. Stats. art. 946) does not authorize its issuance against an official board, its members not being, as such, officers of the State.    (P. 573.)

**2.—Same—Governor.**

Where all the members of a board are State officers, mandamus against them as such must run against all or none, and could not issue where the Governor, against whom the writ could not lie, was one of the members.    (P. 573.)

**3.—Mandamus—State Board of Education.**

Mandamus will lie to compel public authorities to proceed to the decision of a question which it is their duty to determine, but not to prescribe what the decision must be; and cannot issue against the State Board of Education to require them to set aside an order affirming the action of the Superintendent of Public Instruction in excluding a pupil from the public schools. (P. 573.)

**4.—Public School—Exclusion of Pupil—Remedy for Void Act.**

If the action of the school authorities in expelling a pupil from the public schools was void, it would seem that the remedy would be an application to the person primarily charged with admitting pupils to the schools of the district, and to the District Court for mandamus against him if he refused to proceed.    (Pp. 573, 574.)

Original application by McFall, by his father as next friend, for writ of mandamus against the State Board of Education. Relator, being of scholastic age was expelled from the public school by the trustees. He appealed from the decision, and it was reversed by the county superintendent. The trustees appealed to the State Superintendent who reversed this ruling and sustained that of the trustees; and this decision, on relators appeal, was sustained by the State Board of Education.

*Charles Rogan,* for relator.

*Robert V. Davidson,* Attorney-General, and *J. T. Sluder,* Assistant, for respondents.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is a petition for a writ of mandamus to compel the Governor of the State, its Comptroller of Public Accounts and its Secretary of State, composing the State Board of Education to rescind their action in affirming a ruling of the Superintendent of Public Instruction.

The statute which authorizes this court to issue writs of mandamus reads as follows: "The supreme court, or any justice thereof, shall have power to issue writs of habeas corpus as may be prescribed by law; and the said court, or the justices thereof, may issue writs of mandamus, procedendo, certiorari and all writs necessary to enforce the jurisdiction of said court; and in term time or vacation may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State." (Rev. Stat., art. 946.)

In Betts v. Johnson (96 Texas, 360), we refused a motion to file a petition for a mandamus to compel the Board of Eclectic Medical Examiners to issue a license to the relator to practice medicine and in the conclusion of the opinion in that case say: "But the writ applied for in this case is against a board of officers and not against an officer. It seems that if it had been the purpose to empower this court to issue the writ as well against a board of officers as against a single officer, the language would have been 'any officer or board of officers of the State Government.'" We held in effect in that case that because the board was a State board it did not make them State officers within the meaning of the statute above quoted. But it was held in that case that none of the members of the Board were State officers. In this case all the members are State officers. But the statute does not authorize us to issue the writ of mandamus against the Governor of the State. The writ must go against all or none and therefore can not properly issue in this case.

Besides it is sought by this proceeding to compel the State Board of Education to set aside its order affirming the action of the Superintendent of Public Instruction and to make a different decision. A tribunal may be compelled by the writ of mandamus to proceed to the decision of a question, but it is never the function of the writ to determine what the decision shall be. If the action of the School Trustees of the county was without authority of law and therefore void (a question which is not before us and which we therefore do not decide) then the action of the State Superintendent of Public Instruction and of the State Board of Education in affirming such order is also void. It would seem therefore that the remedy of the relator is to apply to the person primarily charged with the duty of admitting pupils to the schools of the district for admission to the school and should he refuse

to proceed by a writ of mandami  in the District Court to compel
him to do so.

The writ of mandamus is refused.

*Mandamus refused.*