## HERRING et al. v. HOUSTON NAT. EXCH. BANK. (No. 8377.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 9, 1923. Rehearing Denied March 1, 1923.)

**1. States ⊚⟹191(2)—Mandamus against prison commission to compel compliance with statute held not "suit against state."**

A proceeding in mandamus against prison commission to compel them to comply with General Appropriations Act 37th Leg. (1921) 1st Called Sess. c. 53, by paying certain notes given in part payment of land purchased, *held* not a suit against the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit Against the State.]

**2. Appeal and error ⊚⟹374(4)—Prison commission not "head" of any department of state.**

Since the prison commission is not a part of the legislative and judicial department, and since it is not included in Const. art. 4, § 1, as part of the executive department of the state, it is not the head of any department of the state within Vernon's Sayles' Ann. Civ. St. 1914, art. 2105, exempting heads of departments from giving bond on any appeal or writ of error in a civil case against them in their official capacity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of Department.]

**3. Appeal and error ⊚⟹374(4)—Prison commission held required to give bond or make affidavit on appeal from order in proceedings not against state.**

Since the prison commission is not the head of a department of the state within Vernon's Sayles' Ann. Civ. St. 1914, art. 2105, exempting the heads of departments from giving bond on any appeal or writ of error, it is not entitled to prosecute an appeal from mandamus compelling it to pay notes as authorized by General Appropriations Act 37th Leg. (1921) 1st Called Sess. c. 53, without giving bond or making affidavit as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 2097, 2098.

**4. Appeal and error ⊚⟹374(4) — Statute exempting "heads of state departments" from giving bond on appeal exempts only heads of departments named in Constitution.**

In exempting (under Vernon's Sayles' Ann. Civ. St. 1914, art. 2105) heads of state departments from statutes (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2097, 2098) requiring an appellant to give bond or make an affidavit in lieu thereof in order to perfect an appeal, the Legislature only intended such exemption to apply to the heads of departments as constituted and named in the Constitution, as evidenced by an express provision therein exempting the Railroad Commission.

**5. Constitutional law ⊚⟹70(3)—Expediency of exempting prison commission from giving bond on appeal does not authorize court to include commission in statute when not named therein.**

The wisdom and expediency of including the members of the prison commission within Vernon's Sayles' Ann. Civ. St. 1914, art. 2105, exempting heads of state departments from giving bond or making affidavit in perfecting an appeal in a civil case against them in their official capacity, will not authorize a court to declare an exemption which the statute does not provide.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by the Houston National Exchange Bank against J. A. Herring and others. From an order and judgment granting writ of mandamus to compel payment of certain notes, defendants appeal. On motion to dismiss appeal. Dismissed.

See, also, 241 S. W. 534.

W. A. Keeling, Atty. Gen., and W. W. Caves, Asst. Atty. Gen., for appellants.

Hill & Hill, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by the appellee against appellants, J. A. Herring, Sanford Dean, and Walker Sayles, who constitute the prison commission of the state of Texas, to recover the amount due upon three promissory notes given by the prison commission to the Ft. Bend Cotton Oil Company in part payment of the purchase price of three acres of land in Ft. Bend county, with the cotton oil mill and machinery situated thereon, and to foreclose a lien on the property, which is fully described in the petition, given to secure the payment of the notes. The petition further sought a mandamus against the appellants to compel them to comply with the provisions of an act of the Thirty-Seventh Legislature of the state of Texas (Acts 37th Leg. 1st Called Sess. c. 53) requiring them to pay the amount due on these notes out of the proceeds of the sale of crops and products of the penitentiary system for the years 1921 and 1922 remaining after the payment of the operating expenses of the system.

Pending a trial of the case the appellee applied for and obtained an injunction from the district court restraining the appellants from offering or endeavoring to pledge or hypothecate the income of the prison system for the years 1921, 1922, and 1923 until they

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 11, 1923.

have paid or provided for the payment of the notes sued on by appellee.

On the hearing of an appeal from the order granting the injunction, this court reversed the judgment of the trial court and ordered the injunction dissolved.

In deciding the questions presented on that appeal this court held that appellant's suit, in so far as it sought to recover a general judgment on the notes with foreclosure of the lien on the property, was a suit against the state, and therefore could not be maintained without the state's consent, but that the suit for mandamus was not one against the state and could be maintained against appellants.

We further held that the board of prison commissioners was not "an officer of the executive department of the government of this state" in the purview of article 5732, Vernon's Sayles' Civil Statutes, and that the district court of Harris county had jurisdiction to hear and determine the suit for mandamus. Herring v. Houston National Exchange Bank (Tex. Civ. App.) 241 S. W. 534.

Upon final trial in the court below no general judgment was rendered in favor of appellee for the amount due on the notes, nor for foreclosure of its lien, but such foreclosure is expressly denied appellee. After adjudging the amount found to be due on the notes, the judgment appealed from is as follows:

"The court further finds that by an act of the Thirty-Seventh Legislature of the state of Texas approved on the 2d day of September, 1921, the Legislature of the state of Texas enacted that plaintiff's debt should be paid out of the proceeds arising from the operation of the penitentiary system during the years ending August 1, 1922, and August 1, 1923, after the payment of the expenses of the maintenance and support of the penitentiary system, including buildings, farms, and improvements and repairs on same and the expenses attached to conveying convicts to the penitentiary and farms, and that it is the duty of the prison commissioners to make said payment of plaintiff's debt as provided by said act of the Legislature. It is therefore ordered, adjudged, and decreed by the court that the prison commission of the state of Texas and the defendants, J. A. Herring, Sanford Dean, and Walker Sayles, be, and are hereby, charged with the duty of making said payment of plaintiff's debt as provided in said act of the Legislature, and that a writ of mandamus shall be issued compelling and requiring them to make said payment as and when the funds come into their hands wherewith to do so, and provided in said act of the Legislature, and to this end, and in order that the said judgment may be enforced, it is decreed that this court retain jurisdiction of this cause, and that the defendants be required from time to time to make a report to this court showing the receipts by them from the operation of the penitentiary system and the disbursement of said receipts, to which judgment of the court defendants' then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals of the First Supreme District of Texas, sitting at Galveston."

Appellee has filed a motion asking that this appeal be dismissed for the failure of appellants to file an appeal bond or affidavit in lieu thereof as required by the statutes.

Appellants have not filed, nor offered to file, any bond or affidavit, but insist that they are entitled to prosecute their appeal without filing such bond or affidavit.

The decision of the question presented by the motion depends upon the construction of article 2105, Vernon's Sayles' Civil Statutes, which provides:

"Neither the state of Texas, nor any county in the state of Texas, nor the Railroad Commission of Texas, nor the head of any department of the state of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case."

[1, 2] If our holding on the former appeal of this case is correct (and we are not inclined to doubt the soundness of that holding), appellee's suit, in so far as it seeks to mandamus the appellants to compel them to comply with the provision of the statute before cited, is not a suit against the state. It follows that, unless it can be held that, in defending this mandamus proceeding, the prison commission can be regarded as the head of a department of the state of Texas defending the action in their official capacity, as those terms are used in the statute above quoted, appellants are not entitled to prosecute this appeal without giving the bond or making the affidavit in lieu thereof required by articles 2097 and 2098 of the statutes before cited.

[3] The Constitution of this state provides that the power of government shall be vested in and exercised by three distinct and separate governmental departments, the legislative, the executive, and the judicial. It goes without saying the prison commission is not a part of nor in any way connected with the legislative or judicial departments of the government. Section 1, art. 4, of the Constitution, provides that—

"The executive department of the state [of Texas] shall consist of a Governor, * * * a Lieutenant Governor, secretary of state, comptroller of public accounts, treasurer, commissioner of the general land office, and Attorney General."

It is thus clear that, so far as the heads of departments of the state are constituted and recognized by the Constitution, the prison commission is not the head of any department of the state.

[4] We think that, in exempting the heads of state departments from the statute requiring an appellant to give bond or make an affidavit in lieu thereof in order to perfect an appeal, the Legislature only intended such exemption to apply to the heads of departments as constituted and named in the Con-

stitution. This intent is, we think, manifest by the fact that the Railroad Commission is expressly included in this exemption statute, thus showing that the Legislature did not understand or construe the term "head of any department of the state" as including that Commission. If the Railroad Commission, which is one of the most important and powerful of our governmental agencies, is not "the head of any department" of the state, as that term is used in the statute under consideration, it cannot be reasonably contended that the prison commission is included in such term.

In the case of Betts v. Johnson, 96 Tex. 360, 73 S. W. 4, our Supreme Court held that the state board of medical examiners was not "an officer of the state government," as that term is used in article 1526 of our statutes, giving the Supreme Court original jurisdiction of suits for mandamus against officers of the state government. In the case of McFall v. Board of Education, 101 Tex. 572, 110 S. W. 739, the same holding was made as to the state board of education.

While these cases are not controlling on the question here presented, the reasoning in the opinion in each of them is, we think, applicable. The distinction there pointed out between members of a 'board created by the Legislature as a governmental agency charged with the performance of special functions and officers of the state intrusted with the general administration of state affairs, and who exercise general governmental functions, we think clearly, differentiates the members of the board of prison commission from the heads of our state departments. If it had been the intention of the Legislature to include the prison commission in the statute exempting heads of departments from giving appeal bonds, such exemption would have been expressly made as was done with the Railroad Commission.

Appellants cannot avail themselves of a right claimed under an exception to the general rule fixed by the statute without showing that they come clearly within the exception.

[5] The fact that it might be deemed wise and expedient for the members of the prison commission to be included within the exception will not authorize this court to so include them, when, as we construe the statute, the Legislature has not seen fit to give them such exemption.

We are of the opinion that the motion to dismiss the appeal should be sustained, and it has been so ordered.

### On Motion for Rehearing.

In their motion for rehearing appellants complain of the statement in our opinion heretofore filed in this case that—

"This suit was brought by the appellee against the appellants, J. A. Herring, Sanford Dean, and Walker Sayles, who constitute the prison commission of the state of Texas."

The rule of strict verbal accuracy was not followed in this statement, in that plaintiff's petition complains of the "prison commission of Texas, J. A. Herring, Sanford Dean, and Walker Sayles."

It is inconceivable to us that any one reading our opinion could doubt that the suit was one against the prison commission, and that the named members of the commission were sued only in their official capacity, but, in deference to insistence of counsel for appellants, we now expressly so find.

Complaint is also made of our finding that upon the trial in the court below no general judgment was rendered in favor of appellee for the amount due on the notes, nor for foreclosure of its lien, but such foreclosure is expressly denied.

We may have also been verbally inaccurate in a portion of this statement. As we construe the judgment, it is one enforceable only by the mandamus granted against the prison commission. It does adjudge the amount found to be due on the notes against the appellants, but, in view of the express denial of foreclosure and order of sale, this adjudication was nothing more than a finding of the amount due on the notes, which was a necessary part of the judgment for mandamus. The portion of the judgment omitted from our opinion was as follows:

"And thereupon, the cause coming on to be heard, both parties announced ready for trial, and, a jury being waived, the issues of law were submitted to the court, who, having heard the evidence and argument of counsel, and it appearing to the court that plaintiff's cause of action is liquidated and proven by instruments in writing executed by the defendant, the prison commission, it is the opinion of the court that the plaintiff should recover of the defendant, the prison commission, the amount of its debt, principal, interest, and attorney's fees as specified in the notes sued on, aggregating at this date the sum of $112,484.61. It is therefore ordered, adjudged, and decreed by the court that the plaintiff, the Houston National Exchange Bank, do have and recover of and from the defendant, the prison commission, the said sum of $112,484.61, with interest thereon from this date at the rate of 10 per. cent. per annum and all costs in this case incurred, to which judgment of the court defendants then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District of Texas, sitting at Galveston."

If our construction of this judgment is sound, it is not a judgment against the state. The finding of the amount due on the notes being necessary as a basis for the mandamus, if appellee, under the status cited in our opinion, was entitled to the mandamus, appellants cannot appeal from the judgment without giving the bond or making the affidavit required by the statute.

We adhere to the conclusions expressed in our original opinion, and the motion for rehearing is overruled.