The SUPERIOR OIL COMPANY, Relator,

v.

Jerry SADLER, Commissioner of the General Land Office of the State of Texas et al., Respondents.

No. B–2340.

Supreme Court of Texas.

Sept. 16, 1970.

———◆———

Vinson, Elkins, Searls & Connally, Leroy Jeffers and Leroy Sterling, Herbert W. Verner, Murray Christian and Anthony G. Riddlesperger, Houston, for relator.

Crawford C. Martin, Atty. Gen., Houghton Brownlee, Jr., and Rex H. White, Jr., Asst. Attys. Gen., Austin, for respondents.

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM

The Superior Oil Company, Relator, has presented to this Court its motion for leave to file a petition for writ of mandamus against Jerry Sadler, Commissioner of the General Land Office, and the School Land Board of the State of Texas, and its members, Jerry Sadler, Stuart Long and R. J. Bartosh. Relator seeks to have this Court require the respondents to accept a bid filed by it for an oil and gas lease on a certain tract of land situated in the Gulf of Mexico, which bid was rejected. We have no jurisdiction to grant the relief sought, and for that reason the motion is overruled without prejudice to Superior's right to file proceedings in a proper trial court.

By Sec. 13 of Art. 5421c–3, Vernon's Texas Civil Statutes, the right to reject bids of the type involved in this proceeding is lodged in the School Land Board and not in the Commissioner of the General Land Office. The jurisdiction of the Supreme Court to issue writs of mandamus in cases of this class is con-

trolled by the provisions of Art. 1735, Vernon's Texas Civil Statutes. By the provisions of that statute, as interpreted in a series of cases, the writ may not be issued against state boards and commissions. See Betts v. Johnson, 96 Tex. 360, 73 S.W. 4 (1903); McFall v. State Board of Education, 101 Tex. 572, 110 S.W. 739 (1908); Malone v. Rainey, 133 Tex. 622, 133 S.W.2d 951 (1939); McLarty v. Bolton, 144 Tex. 490, 191 S.W.2d 850 (Tex. Sup.1946); Givens v. Woodward, 145 Tex. 150, 196 S.W.2d 456 (1946); Herring v. Houston Nat. Exch. Bank, 241 S.W. 534, 540 (Tex.Civ.App.—Galveston, 1922, no writ); Texas Liquor Control Board v. Continental Distilling Sales Co., 199 S.W. 2d 1009, 1013 (Tex.Civ.App.—Dallas, 1947, no writ).