S. AND G. CONSTRUCTION COMPANY,
INC., et al., Relators,

v.

Bob BULLOCK et al., Respondents.

No. B–6203.

Supreme Court of Texas.

Jan. 12, 1977.

Rehearing Denied Feb. 16, 1977.

Stayton, Maloney, Hearne & Babb, Douglass D. Hearne and William M. Knolle, Austin, for relators.

John Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, for respondent.

POPE, Justice.

S and G Construction Company and their assignees seek a mandamus commanding the Honorable Bob Bullock, Texas Comp-

troller of Public Accounts, to pay a judgment which relators obtained against the University of Texas. We order the issuance of the mandamus addressed to the comptroller only.

■ The members of the Board of Regents of the University of Texas are included' as respondents, but this court does not have jurisdiction over the Board in this kind of proceeding. *Superior Oil Company v. Sadler*, 458 S.W.2d 55 (Tex.1970). The comptroller, however, is subject to this court's original mandamus powers, and a mandamus may issue if there is a clear legal duty on the part of the comptroller to issue the warrant. *Bullock v. Calvert*, 480 S.W.2d 367 (Tex.1972); *Texas Nat. Guard Armory Board v. McCraw*, 132 Tex. 613, 126 S.W.2d 627 (1939).

All of the relevant facts are admitted by the parties. The relator construction company has a final judgment in the principal amount of 849,674.90 dollars against the University of Texas for additional work that it performed under a contract for the construction of university married students' apartments. *The Board of Regents of the University of Texas v. S & G Construction Company*, 529 S.W.2d 90 (Tex.Civ.App.1975, writ ref'd n. r. e.). The Board of Regents and respondent comptroller acknowledge the debt, the judgment, and that at all relevant times there have been funds on hand from the Available University Fund sufficient to pay the claim.

■ The comptroller has not paid the claim, because he has not been furnished a voucher approved by the Board of Regents. Article 4357 of Texas Revised Civil Statutes prohibits the preparation of a warrant in the absence of an audited claim, verified by affidavit to its correctness. The final judgment and the stipulation of the parties made in court, satisfy all of the statute's salutary protective purposes.

The Board of Regents has not approved a voucher for the amount of the claim because of its belief that no legislative appropriation was made for payment of a judgment for consequential damages. The Board of Regents understandably did not wish to bear the risk for its approval for payment of an unappropriated sum of money. *Nichols v. State*, 11 Tex.Civ.App. 327, 32 S.W. 452 (1895, writ ref'd).

■ The nature of the controversy which was finally resolved by the judgment in favor of S and G Construction Company is explained in the opinion of the court of civil appeals. The construction company claimed damages arising from the breach of contract by the Board of Regents in failing to supply accurate and reliable plans, drawings and specifications. By reason of the breach, the construction company had to make many changes in the construction on a day-to-day basis, often without any plans at all.

It is our opinion that the damages evidenced by the judgment, whether they be called consequential damages or damages under the contract, were payable under the broad terms of the appropriation acts.

Interest which accrues on the Permanent University Fund is known as the Available University Fund, and that fund may be spent by the Board of Regents only if the legislature has made an appropriation of the funds. Tex.Const. art. VII §§ 11, 11a; Tex.Educ.Code Ann. § 66.03 (1969). In our opinion, the identical provisions in each of the General Appropriation Acts for 1971, 1973 and 1975 have authorized payment of a judgment from funds appropriated to the University of Texas system. Tex.Laws 1971, ch. 1047, art. 4, at 3694–96; Tex.Laws 1973, ch. 659, art. 4, at 2089–2090; Tex. Laws 1975, ch. 743, art. 4, at 2729–2731. These are the words of the appropriation acts:

3. The residue of the Available Fund allocable to The University of Texas System is hereby appropriated for the purpose of retiring obligations in-

curred under the authority of Article VII, Section 18 of the Texas Constitution, and pursuant to the authorization of Article VII, Section 11a of the Constitution for *permanent improvements, new construction*, equipment, repairs and rehabilitation, physical plant operation and maintenance and educational and general activities of The University of Texas at Austin, and for new construction authorized by the Legislature, equipment, major repairs and rehabilitation at The University of Texas Medical Branch at Galveston . . . . [Emphasis added.]

Payment is authorized broadly for permanent improvements, new construction, equipment, repairs and rehabilitation, physical plant operation, and maintenance and education and general activities of the University of Texas at Austin. We conclude that there are no disputed questions of fact in this matter and that there is a clear duty upon the comptroller to pay the final judgment from the Available Fund. *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593 (Tex.1976).

The petition for writ of mandamus is accordingly granted, and the clerk of the supreme court is ordered to issue the writ.