

# The Attorney General of Texas

June 16, 1978



This Opinion Overrules Opinion... *H-50* ~~within conflict~~

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable A. R. Schwartz
Chairman
Senate Jurisprudence Committee
State Capitol
Austin, Texas 78711

Opinion No. H- 1186

Re: Authority of state agency to enter into conciliation agreement providing back wages to person who claims employment discrimination.

Dear Senator Schwartz:

You ask whether certain sections of the Texas Constitution prohibit a state agency from agreeing to pay back wages to persons who claim to have been subject to employment discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. SS 2000e - 2000e-17. A person who believes he has been terminated or denied employment or promotion on the basis of race, color, religion, sex, or national origin may file a charge against his employer with the Equal Employment Opportunity Commission. 42 U.S.C. SS 2000e-2, 2000e-5(b). If the commission finds reasonable cause to believe that the charge is true, it will attempt to eliminate unlawful employment practices by informal methods such as conciliation. 42 U.S.C. S 2000e-5(b). In cases where no acceptable conciliation agreement can be reached, the Attorney General of the United States or the person aggrieved may sue the state agency. 42 U.S.C. S 2000e-5(f). If the court finds that the agency has intentionally engaged in an unlawful employment practice, it may order rehiring, backpay, and other equitable relief. 42 U.S.C. S 2000e-5(g); Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975).

You inquire whether article 3, section 44 of the Texas Constitution prohibits a state agency from entering into a conciliation agreement providing back wages to a complainant. This provision reads in part:

> The Legislature . . . shall not . . . grant, by appropria-
> tion or otherwise, any amount of money out of the
> Treasury of the State, to any individual, on a claim,
> real or pretended, when the same shall not have been
> provided for by pre-existing law . . . .

This section prevents the legislature from appropriating money to pay any claim unless some law already in force makes the claim a legal obligation of the state. Austin National Bank v. Sheppard, 71 S.W.2d 242 (Tex. 1934). Article 3, section 44 requires "such an obligation as would form the basis of a judgment against the state in a court of competent jurisdiction in the event it should permit itself to be sued." Austin National Bank v. Sheppard, supra, at 245. A common law right may constitute "pre-existing law" within article 3, section 44, Austin National Bank v. Sheppard, supra; so may federal law, Attorney General Opinions H-502 (1975), M-1155 (1972), M-942 (1971).

In our opinion, Title VII constitutes preexisting law for payment of back wages to persons who have been the subject of unlawful employment discrimination. A claim under Title VII can "form the basis of judgment against the state." It is thus "pre-existing law" as defined in Austin National Bank v. Sheppard, 71 S.W.2d 242 (Tex. 1934). Once employment discrimination is shown, backpay should be awarded when necessary to make victims of discrimination whole. Albemarle Paper Co. v. Moody, 422 U.S. 405, 421 (1975). The absence of bad faith on the part of the employer is not a sufficient reason to deny backpay. Id. at 422.

The state may be compelled to pay back wages for violating Title VII even though it has not consented to be sued. In Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), the Supreme Court held that Title VII authorized individuals to sue a state. The enforcement provisions of the fourteenth amendment limited the eleventh amendment and the principles of sovereign immunity it embodies. Id. at 456. Thus the doctrine of sovereign immunity, which ordinarily bars a federal court from requiring payment to a litigant of funds from the state's treasury, see Edelman v. Jordan, 415 U.S. 651 (1974), is inapplicable to Title VII claims. When a state agency is confronted with a well-founded claim of employment discrimination, it can reasonably expect that the state will ultimately have to pay back wages to the claimant.

It is clear that article 3, section 44 does not bar the legislature from paying claims for back wages arising under Title VII. Nor do we believe it bars state agencies from entering into conciliation agreements to settle such claims. In two prior opinions, we dealt with the authority of public entities to provide back wages during suspension or severance pay on termination. Attorney General Opinion H-402 (1974) involved a county employee who was suspended without pay following indictment and later reinstated. We determined that the county could not give him backpay for the period of suspension unless a previously adopted policy authorized backpay in such situations. We also said:

> If, then, a county commissioners court has authority to hire employees, by implication it has the authority to set the terms of their employment. One such term which may be

possible is that if an employee is indicted he will be suspended with the understanding that he will be reinstated with back pay if he is subsequently exonerated. A policy of this kind would be a condition of employment no different than the rate of compensation or amount of vacation an employee is to receive.

Attorney General Opinion H-402 (1974).

In Attorney General Opinion H-786 (1976) we determined that a state university may adopt a reasonable policy providing severance pay for terminated employees. So long as this payment of severance pay under this policy constituted a term or condition of employment, it did not violate article 3, section 44.

We believe the provisions of Title VII constitute terms and conditions of state employment. See Anderson-Berney Realty Co. v. Saria, 67 S.W.2d 222 (Tex. 1933) (provisions of Workmen's Compensation Law become part of employment contract); Trinity Portland Cement Co. v. Lion Bonding & Surety Co., 229 S.W. 483 (Tex. Comm'n App. 1921, jdgmt adopted) (provisions of bond statute are by implication part of public contractors bond). Title VII was amended to cover public employment in 1972. 42 U.S.C. SS 2000e(a), 2000e(f); Fitzpatrick v. Bitzer, supra, at 449. Its requirements and remedies then became part of the individual's employment relation with the state, and state agencies acquired policies like those described in H-402 and H-786, without any need for administrative action on their part. In our opinion, state agencies with authority to hire, promote, and fire employees have implied authority to enter into conciliation agreements providing for back wages pursuant to the provisions of Title VII.

The individual agency has discretion to decide whether a particular claim should be settled by agreeing to pay back wages. It has access to the facts of employment needed to determine whether a particular claim is valid. Federal cases under Title VII offer guidance as to when a claimant is entitled to back pay and how it should be computed. See Annot., 21 A.L.R. Fed. 472 (1974); Annot., 5 A.L.R. Fed. 334 (1970) and authorities cited therein. The agency's appropriation must be examined to determine whether funds are available to pay back wages. See Tex. Const. art. 8, S 6; National Biscuit Co. v. State, 135 S.W.2d 687 (Tex. 1940). Appropriations for the regular pay of the employee are available for this purpose. See Attorney General Opinion M-1155 (1972); see also S. & G. Construction Co. v. Bullock, 545 S.W.2d 953 (Tex. 1977); Attorney General Opinions H-488 (1975); H-289 (1974).

We indicated in Attorney General Opinion H-50 (1973) that state agencies may not make conciliation agreements unless they have express statutory authority

to do so. In light of the 1976 Supreme Court decision of Fitzpatrick v. Bitzer, supra, we now believe the view adopted in Attorney General Opinion H-50 is incorrect. In 1973 we could reasonably assume that the state would not be liable for Title VII claims without legislative consent. See Employees of the Department of Public Health & Welfare v. Department of Public Health & Welfare, 411 U.S. 279 (1973). We therefore looked for a clear sign of legislative intent to make the state liable for backpay, such as an express grant of authority to settle claims. See V.T.C.S. art. 6252-19, § 10. Fitzpatrick v. Bitzer, however, nullified our main reason for requiring express statutory authority to enter into conciliation agreements. Attorney General Opinion H-50 is overruled to the extent inconsistent with this opinion.

You also ask whether article 3, section 51 of the Texas Constitution prohibits a state agency from entering into a Title VII conciliation agreement providing for the payment of back wages. Article 3, section 51 provides in part:

> The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever . . . .

The purpose of this provision is to prevent the gratuitous grant of public funds to any person. State v. City of Austin, 331 S.W.2d 737 (Tex. 1960).

Article 3, section 51 is not violated by the payment of a claim for which the state is liable. Id. at 742. See Harris County v. Dowlearn, 489 S.W.2d 140 (Tex. Civ. App. — Houston [14th Dist.] 1976, writ ref'd n.r.e.) (compensation of individual pursuant to Texas Tort Claims Act does not violate article 3, section 51); Stacy v. Bridge City Independent School District, 357 S.W.2d 618 (Tex. Civ. App. — Beaumont 1962, no writ) (payment of full salary to wrongfully discharged teacher does not violate article 3, section 51). See also Attorney General Opinions H-786 (1976); H-402 (1974). In our opinion, the payment of back wages pursuant to a conciliation agreement settling a claim under Title VII does not contravene article 3, section 51.

## SUMMARY

Sections 44 and 51 of article 3 of the Texas Constitution do not bar state agencies from entering into conciliation agreements providing back wages to a person who asserts a valid claim of employment discrimination under Title VII of the 1964 Civil Rights Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn