# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

====================
## NO. 03-00-00133-CV
====================

**Larry Koch, Inc. and Those Similarly Situated, Appellants**

**v.**

**Texas Natural Resource Conservation Commission, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN0-00100, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

---

Larry Koch appeals from a trial-court judgment that dismisses, for want of subject-matter jurisdiction, his actions against the Texas Natural Resource Conservation Commission (TNRCC). We will reverse the judgment and remand the cause to the trial court.

### THE CONTROVERSY

We will summarize the allegations in Koch's petition and accept them as true for the purpose of testing the trial court's subject-matter jurisdiction. *See Bernard Hanyard Enters. v. McBeath*, 663 S.W.2d 639, 642 (Tex. App.—Austin 1983, writ ref'd n.r.e.).

Some 3,000 wells take water from the Gulf Coast Aquifer for a public-water supply. In 1990, the Three Lakes Municipal Utility District No. 1 discovered the presence of benzene in a well it had completed in the aquifer. The level of benzene exceeded the maximum safe level fixed by the Environmental Protection Agency, a federal agency. The district completed in the aquifer another

well, at a lesser depth, in which benzene was not detected. The Texas Department of Health found, however, that a number of other wells in the vicinity had also been contaminated by benzene, and requested that the Texas Water Commission (a predecessor of the TNRCC) conduct an investigation to ascertain the cause or source of the contamination. The Commission, and afterward the TNRCC, conducted an investigation but did not determine the source or cause of the contamination.

As a result of "concerns" about the contamination, the Department of Housing and Urban Development, a federal agency, refuses to provide new mortgage insurance in the Three Lakes Subdivision, located near Tomball, Texas, a subdivision in which Koch owns real property. Contending the benzene contamination results from the past activities of oil-field operators in the area, Koch sued certain of them for injuries to property allegedly suffered by him and an alleged class of persons similarly situated. Before such a class was certified, the trial court severed these actions from Koch's actions against the TNRCC described below.

Koch's actions against the TNRCC are based upon statutes found in the Texas Health and Safety Code and the Texas Water Code, as follows:

1. Section 361.181 of the Texas Health and Safety Code requires that the TNRCC publish annually "an updated state registry identifying" sites contaminated by hazardous substances "that may constitute an imminent and substantial [danger] to public health and safety or the environment due to a release or threatened release of [such] substances into the environment." Tex. Health & Safety Code Ann. § 361.181 (West 1992).

2. Section 361.182 of the Texas Health and Safety Code authorizes the TNRCC executive director to investigate sites listed on the state registry, as well as sites which he "has reason to believe" should be included on the state registry. *Id.* § 361.182.

3. Sections 361.183 and 361.184 of the Texas Health and Safety Code establish procedures the executive director must follow in arriving at a decision to list a site on the state registry. These include publishing in the Texas Register and a local newspaper a general notice of the executive director's intention to list a site together with certain other information. He must, in addition, "make all reasonable efforts to identify all potentially responsible parties for remediation of" a site he intends to list on the state registry. *Id.* §§ 361.183-.184.

4. Section 5.236(a)(2) of the Texas Water Code requires that the executive director give written notice to persons under TNRCC jurisdiction who are suspected of contributing to the contamination of a site, based on information acquired by the executive director. Tex. Water Code Ann. § 5.236(a)(2) (West 2000).

Koch alleged the TNRCC and its executive director[1] had failed in their statutory duties as follows: they had failed to publish an updated state registry, as required by section 361.181(a) of the Texas Health and Safety Code, because they had not included on the registry "the area around the Tomball oil field in Harris County beneath which the Gulf Coast Aquifer is contaminated with benzene and other toxic substances"; and they had failed to issue the notices required by section 5.236(a)(2) of the Texas Water Code. With respect to those duties, Koch alleged, a reasonable time

_____

[1] Koch sued the TNRCC but not its executive director. Koch apparently relies upon a theory that the executive director's duties, actions, and inactions are those of the TNRCC itself because the executive director manages "the administrative affairs of the [TNRCC] under the general supervision and direction of the" TNRCC. Tex. Water Code Ann. § 5.221 (West 2000).

had elapsed for performing the duties, giving rise to a statutory cause of action under sections 5.352 and 5.354 of the Texas Water Code. These statutes provide as follows:

§ 5.352. Remedy for Commission or Executive Director Inaction

A person affected by the failure of the commission or the executive director to act in a reasonable time on an application to appropriate water *or to perform any other duty with reasonable promptness may file a petition to compel the commission or the executive director to show cause why it should not be directed to take immediate action.*

*Id.* § 5.352 (Emphasis added.)

§ 5.354. Venue

A suit instituted under Section . . . 5.352 of this code must be brought in a district court in Travis County.

*Id.* § 5.354.

After pleading his statutory causes of action under sections 5.352 and 5.354, Koch prayed for relief as follows:

1. That the TNRCC "be ordered *to list* the contaminated area . . . on the State Registry" (Ephasis added); or, alternatively,

2. that the TNRCC "be ordered *to consider* the contaminated area for listing on the State Registry pursuant to the assessment and remediation program outlined at 30 Tex. Admin. Code, Chapter 335, Subchapter K, §§ 335.341-335.352"[2] (Emphasis added); and

---

[2] The cited regulations "establish an assessment and remediation program to identify and assess facilities that may constitute an imminent and substantial endangerment to public health and

3. that the executive director be ordered "*to provide notice*," as required by section 5.236 of the Water Code, to those persons suspected of contributing to the benzene contamination (Emphasis added.)

The TNRCC interposed various pleas to the trial court's subject-matter jurisdiction. We will discuss below each of the pleas.

In a judgment signed January 20, 2000, the trial court dismissed all of Koch's causes of action without stating a ground therefor.

## SOVEREIGN IMMUNITY

The common-law doctrine of sovereign immunity bars Koch's actions against the State unless they come within the class of cases described in section 5.352 of the Texas Water Code, wherein the legislature consented to suits of the kind described therein. *See* Tex. Water Code Ann. § 5.352. The TNRCC contends Koch's actions do not come within the class for two reasons discussed hereafter. *See Ex parte Kimberlin*, 86 S.W.2d 717, 720 (Tex. 1935); *Templeton v. Ferguson*, 33 S.W. 329, 332 (Tex. 1895).

Section 5.352 is directed at the TNRCC's failure to perform a "duty." Tex. Water Code Ann. § 5.352. Therefore, the TNRCC reasons, the statute "is a mandamus-like provision" which requires a "duty" that is plain, clearly defined, and ministerial, that is to say a present legal duty not requiring the exercise of administrative discretion. *See O'Connor v. First Court of Appeals*, 837

---

safety or the environment due to a release or threatened release of hazardous substances into the environment." 30 Tex. Admin. Code § 335.341(a). The following subsection prescribe "procedures for identifying, proposing, listing, and delisting facilities on the State Registry." *Id.* § 335.341(b).

5

S.W.2d 94, 96 (Tex. 1992). Continuing its theory, the TNRCC points to statutes and regulations requiring an exercise of agency discretion, in various matters, before a particular site may be listed on the state registry or considered for such listing, and before the TNRCC must comply with the notice provisions of section 5.236 of the Texas Water Code. *See, e.g.*, Tex. Health & Safety Code Ann. § 361.183 (West Supp. 2001) ("Registry Listing Procedure: Determination of Eligibility"); *id.* § 361.184 ("Registry Listing Procedure: Notices and Hearing"); 30 Tex. Admin Code §§ 335.341-.348 (establishing program to identify and assess facilities that may constitute an imminent and substantial endangerment to public health and safety or the environment due to hazardous substances). Because the relief requested by Koch requires an antecedent exercise of TNRCC discretion before any duty arises, his actions necessarily fall outside the class of cases named in section 5.352 as that statute is interpreted by the agency. We disagree with the TNRCC's theory.

The theory rests upon the TNRCC's *a priori* assumption that the word "duty" found in section 5.352 implies a ministerial or nondiscretionary duty because the statute is a mandamus-like provision. We have a distinctly different view of section 5.352, as discussed below. If, however, the TNRCC's interpretation of section 5.352 were correct, then the statute was intended to be a redundant and meaningless reiteration because the district courts of Travis County possess a general power to issue a writ of mandamus in any proper case.[3] *See* Tex. Gov't Code Ann. § 24.011 (West

---

[3] The Supreme Court of Texas possesses exclusive original jurisdiction to issue writs of mandamus directed at certain officers of the state. *See* Tex. Gov't Code Ann. § 22.002(a), (c) (West Supp. 2001). The TNRCC as a legal entity and its executive director do not come within that jurisdiction. *See McFall v. State Bd. of Educ.*, 110 S.W. 739, 740 (Tex. 1908); *Betts v. Johnson*, 73 S.W. 4, 11 (Tex. 1903).

1998).  We may not attribute that intention to the legislature.  *See id.* §§ 311.021(4), .023(5) (West 1998); *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999).

No appellate court has heretofore construed section 5.352 of the Texas Water Code.  We believe the legislative intent and purposes are self-evident and reflected plainly in the statutory text.  First, the statute indicates an intent to waive the State's immunity in suits brought by persons affected adversely by the failure of the TNRCC or its executive director to perform "with reasonable promptness" a "duty" imposed by law.  Second, the statute establishes an adequate legal remedy for such cases by empowering the district courts of Travis County to issue orders compelling the TNRCC or its executive director, as the case may be, "to show cause why [they] should not be directed to take immediate action" toward performing a "duty" made the basis of a particular suit.

Section 5.352 is similar in purpose and effect to section 706(1) of the federal Administrative Procedure Act.  The federal statute empowers a court to "compel agency action . . . unreasonably delayed."  5 U.S.C.A. § 706(1) (West 1996).  We believe both statutes are directed at the problem of agency delay at whatever stage it occurs in the administrative process.  (Section 5.352 begins to take effect on the filing of an application to appropriate water as stated in that section).  *See generally* 2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* § 12 (3d ed. 1994 & Supp. 1998).  And like the federal statute, section 5.352 by its very nature requires caution and careful consideration in its application.[4]  We are, of course, not concerned here with such

---

[4] Judicial intervention into an ongoing agency proceeding is a serious matter, possibly involving constitutional questions.  Consequently, the federal courts adhere to a highly deferential attitude in applying section 706(1) of the federal Administrative Procedure Act.

The federal statute requires an evidentiary hearing and a detailed examination of the manner

7

matters.  For present purposes, it is enough that we conclude Koch's *allegations* bring his actions well within the class of cases established by the text of section 5.352.

The TNRCC advances a second argument for the agency's contention that the duties alleged by Koch are not within the subject-matter jurisdiction conferred upon the district courts of Travis County in section 5.352.  Section 5.352 is a component part of the Texas Water Code; consequently, the agency contends, the statute "does not reach duties set out in the" Texas Health and Safety Code–specifically section 361.181 of that code upon which Koch founds a part of his actions.  We disagree.

---

in which the agency has handled the specific case.  *See* 2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* § 12 at 219 (3d ed. 1994 & Supp. 1998).  A six-part test, derived from the opinion in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 78 (D.C. Cir. 1984), is applied generally by federal courts, as follows:

> [T]he time agencies take to make decisions must be governed by a "rule of reason" . . . ; (2) where congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply context for this rule of reason. . . ; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake. . . ; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority . . . ; (5) the court should also take into account the nature and extent of the interest prejudiced by delay . . . ; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id.* at 80 (citations omitted).  While it is difficult for a plaintiff to prevail under the foregoing test, in the sense of obtaining from the court a deadline for agency action, an agency will sometimes "voluntarily" propose to the court a timetable for agency action that the court will accept.  "This, in turn, creates continuing pressure on the agency to conform to its timetable."  2 Kenneth Culp Davis & Richard J. Pierce, Jr., *supra* § 12 at 220.

Chapter five of the Texas Water Code establishes the TNRCC, provides for its organization, and prescribes the agency's general jurisdiction. Among other items, the TNRCC's general jurisdiction includes "the responsibilities assigned to the [TNRCC] by Chapters 361, 363, 382, 401, and 402, Health and Safety Code." Tex. Water Code Ann. § 5.012(a)(12) (West 2000). The word "responsibility" is equivalent in meaning to the word "duty." *See Great Am. Ins. Co. v. Langdeau*, 379 S.W.2d 62, 78 (Tex. 1964). Section 361.181 is a component part of chapter 361 of the Texas Health and Safety Code. By incorporating chapter 361 into chapter five of the Texas Water Code, the legislature necessarily brought within the scope of section 5.352 of the Texas Water Code the duties assigned the TNRCC in section 361.181 of the Texas Health and Safety Code.

We hold the doctrine of sovereign immunity did not, for the reasons given, deprive the trial court of subject-matter jurisdiction.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

In March 1999, Koch filed with the TNRCC a petition requesting that the agency list the contaminated area on the state register. "While sites normally are proposed for listing by the [TNRCC's] executive director and neither statute nor rules authorize citizens to propose sites," the agency argues, the TNRCC "has neither granted, denied, nor refused to consider [Koch's] petition." Because the administrative process is not complete, the TNRCC concludes, the trial court lacked jurisdiction.

The exhaustion rule requires that plaintiffs pursue all available remedies within the administrative process before seeking judicial relief; and, it has been said that a plaintiff's failure to do so deprives a court of jurisdiction. *See Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex. 1985).

9

The TNRCC has not suggested what administrative remedy is available for Koch to pursue in order to compel the agency to commence performing the duties alleged in Koch's petition, duties the agency has allegedly neglected to perform "with reasonable promptness." Nor have we found in the relevant statutes any such remedy. In all events, however, the exhaustion rule is not without exceptions. For example, judicial intervention is not barred by the rule when an administrative agency purports to act outside its statutory powers. *See Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978). In such a case, the purposes underlying the exhaustion rule are not applicable: judicial and administrative efficiency are not served, and agency policies and expertise are irrelevant, if the agency's final action will be a nullity. *See* Alfred C. Aman, Jr. & William T. Mayton, *Administrative Law* § 12.9 at 404-05 (1993). Nor are those purposes applicable, it seems to us, when an agency fails or refuses to perform a statutory duty "with reasonable promptness." So far as we have learned, Koch's only available remedy in such a case is *necessarily* judicial, not administrative, and it exists in section 5.352 of the Texas Water Code.

We hold the exhaustion rule did not preclude trial-court jurisdiction.

## STANDING

A plaintiff's want of standing to bring a particular action deprives the trial court of subject-matter jurisdiction or the power to hear and determine that action. *See State Bar v. Gomez*, 891 S.W.2d 243, 244 (Tex. 1994). Among its pleas to the jurisdiction, the TNRCC contended Koch lacked standing to maintain an action based upon allegations that the TNRCC had failed to perform within a reasonable time its duty under section 5.236(a)(2) of the Texas Water Code. The statute provides as follows:

(a) If the executive director acquires information that confirms that a potential public health hazard exists because usable groundwater has been or is being contaminated, the executive director, not later than the 30th day after the date on which the executive director acquires the information confirming contamination, *shall give written notice* of the contamination to the following persons:

. . . .

(2) any person under the commission's jurisdiction who is suspected of contributing to the contamination; . . .

Tex. Water Code Ann. § 5.236(a)(2) (West 2000) (Emphasis added.)

Based upon his allegation that the TNRCC had failed to issue notice to persons suspected of contributing to the contamination within a reasonable time, Koch prayed that the trial court order the TNRCC to require its executive director to proceed toward issuing such notice. At any rate, that is our interpretation of Koch's petition which names the TNRCC, but not its executive director, as a defendant.

The TNRCC relies upon the rule that a litigant is not prejudiced by another affected person's failure to receive notice of a legal proceeding.[5] Given the legal effect of section 5.236(a)(2), however, we believe the rule is inapplicable here. Koch's complaint, as we understand it, is not that an affected person's right to receive *notification* of a pending proceeding has been neglected; in that regard he could not be prejudiced. He complains instead that the notice required by section

---

[5]  The TNRCC cites the following decisions illustrating application of the rule: *McDaniel v. Texas Natural Res. Conservation Comm'n*, 982 S.W.2d 650, 653 (Tex. App.—Austin 1998, pet. denied) (opponent of waste-disposal site not prejudiced by agency failure to notify other landowners); *Smith v. Houston Chem. Servs., Inc.*, 872 S.W.2d 252, 273 (Tex. App.—Austin 1994, writ denied) (same); *Murmur Corp. v. Board of Adjustment*, 718 S.W.2d 790, 793 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (subsequent purchaser not prejudiced by lack of notice to previous owner).

11

5.236(a)(2) is essential for official *identification* of persons suspected of contributing to the contamination, and that identification has not been attempted or made by the executive director. Such identification is a necessary step under TNRCC rules toward remediation of the contamination, a matter in which Koch *has* been prejudiced by the executive director's and the TNRCC's delay and inaction, according to Koch's allegations, which we accept as true for present purposes.

We hold the trial court's dismissal of Koch's action based upon section 5.236(a)(2) may not rest upon the TNRCC's plea that Koch lacked standing to maintain that action.

## EXCLUSIVE AND PRIMARY JURISDICTION

Among its pleas to the jurisdiction, the TNRCC included the following:

> [T]he Court should dismiss the claims against the TNRCC because the agency has primary or exclusive jurisdiction to decide whether a particular site should be listed on its registry, and the [TNRCC] has not yet decided whether [the contaminated area] should be included on the registry.

In almost the same words, the TNRCC's brief on appeal repeats the foregoing contention unadorned by citation of authority or argument. *See* Tex. R. App. P. 38.1(h), 38.2(a)(1).

Section 5.352 of the Texas Water Code confers upon the district courts of Travis County a distinct statutory jurisdiction. We have discussed that matter at length above. The statute *assumes* and operates upon a predicate that the TNRCC possesses jurisdiction to perform a particular duty, whether exclusive or primary, and empowers the reviewing court to order the agency "to show cause why it should not be directed to take immediate action" toward performing that duty in cases of unreasonable delay. Tex. Water Code Ann. § 5.352. The statute thus operates as an express

12

statutory exception (limited to the circumstances described in the statute) to the doctrines of exclusive and primary jurisdiction. The reasons for the doctrines and their purposes are not present in such cases. *See Cash Am. Intl., Inc. v. Bennett*, 35 S.W.3d 12, 15-19 (Tex. 2000). We hold the doctrines did not deprive the trial court of jurisdiction.

## MOOTNESS

Koch requested in his petition that the court order the TNRCC "to consider the contaminated area . . . for listing on the state registry pursuant to the assessment and remediation [sic] program outlines at 30 Tex. Admin. Code, Chapter 335, Subchapter K, § 335.341-335.352." Among its pleas to the jurisdiction, the TNRCC averred that Koch's action for such relief was moot because "[t]he TNRCC *is considering* Koch's request [filed in the agency in March 1999] that the contaminated area be placed on the state registry." (Emphasis added). In its brief, the TNRCC repeats its plea without citation to authority or argument.

The mootness doctrine prohibits a court from deciding a legal controversy *that no longer exists.* The purpose of the doctrine is to preclude the rendition of advisory opinions. *See Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 209 (Tex. 1981); *Texas Alcoholic Beverage Comm'n v. Carlin*, 477 S.W.2d 271, 273-74 (Tex. 1972).

Koch's petition alleges a controversy that continues in existence because the TNRCC has failed to bring its consideration to a *decision*, with reasonable promptness, concerning the issue of whether to list the contaminated area on the state registry. We believe his allegations bring the issue squarely within the jurisdiction conferred upon the Travis County district courts in section 5.352 of the Texas Water Code. We have discussed at length above our views as to the force and effect

13

of that statute and need not repeat that discussion here. We hold the mootness doctrine did not deprive the trial court of its statutory jurisdiction.

For the reasons given above, we hold the trial court erred in dismissing for want of jurisdiction Koch's claims under section 5.352 of the Texas Water Code. We therefore reverse the judgment below and remand the cause to the trial court.

_____

—

John E. Powers, Justice

Before Chief Justice Aboussie, Justices Yeakel and Powers[*]

Reversed and Remanded

Filed: May 31, 2001

Publish

*   Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).