

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00333-CV

---

EMMETT ROGERS                                               APPELLANT

V.

ROBERT ORR AND WALKCON,                 APPELLEES
LTD.

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## OPINION

----------

The dispositive issue in this appeal is whether Appellant Emmett Rogers—a registered accessibility specialist—is a state "officer" for purposes of bringing an interlocutory appeal of an order denying a motion for summary judgment based on an assertion of immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West Supp. 2012). We hold that Rogers is not a state officer

entitled to pursue a section 51.014(a)(5) appeal. We will therefore dismiss this appeal for want of jurisdiction.[1]

Rogers is certified as a registered accessibility specialist by the Texas Department of Licensing and Regulation (TDLR).[2] *See* Tex. Gov't Code Ann. §§ 469.201–.208 (West 2012); 16 Tex. Admin. Code § 68.70–.76 (2013) (Tex. Dep't of Licensing & Regulation). In that capacity, in March 2010, he reviewed plans for the renovation of a Wal-Mart located in Weatherford. The renovation included rebuilding the floor area by the front of the store near a restroom. Rogers inspected the completed work in July 2010.

Several months later, Appellee Robert Orr allegedly sustained injuries when he tripped and fell near the restroom entrance area of the Wal-Mart. Orr sued Rogers for negligence in connection with his inspection of the renovated area, averring that Rogers had "failed to recognize that the change in level and the floor was constructed with an excessive slope at the entrance of the public restrooms on the premises, which caused or contributed to the harm" that Orr

---

[1]We had previously notified Rogers of our concern that we lack jurisdiction over this appeal and indicated that we would carry the issue to submission.

[2]The TDLR is the primary state agency responsible for the oversight of businesses, industries, general trades, and occupations that are regulated by the state and assigned to the department by the legislature. Tex. Occ. Code Ann. § 51.051(a) (West 2012).

sustained.[3]   Rogers pleaded the affirmative defense of official immunity and moved for summary judgment on that defense.  The trial court denied the motion. Rogers now seeks to appeal the interlocutory order.

In his first issue, Rogers argues that he is a state officer entitled to pursue this interlocutory appeal because as a registered accessibility specialist, he performs a statutorily mandated function:   ensuring compliance with the standards promulgated under the Architectural Barriers Act (ABA), including the Texas Accessibility Standards (TAS).  *See* Tex. Gov't Code Ann. §§ 469.001– .208 (West 2012); Texas Accessibility Standards (2012), *available at* http://www.tdlr.state.tx.us/ab/abtas.htm.  He contends that when performing a statutorily mandated function under a state-issued license or commission, "the individual performing that function is a state officer entitled to official immunity and as such is entitled to appeal under § 54.014(a)(5)."

We have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides such jurisdiction.  *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).  We strictly construe a statute authorizing an interlocutory appeal because it is an exception to the general rule that only final judgments are appealable.  *Id.* at 841.

---

[3]Orr also sued Wal-Mart, the owner of the premises; Walkcon, Ltd., the general contractor; Capitol Custom Tile, the tile subcontractor; and Lubbock Inspection Service, Rogers's business.

To appeal pursuant to section 51.014(a)(5), the appellant must be "an individual who is an officer or employee of the state or a political subdivision of the state." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). Rogers does not argue that he is a state employee or that he otherwise contracted with a governmental entity to perform governmental duties. *See id.*; *see also Knowles v. City of Granbury*, 953 S.W.2d 19, 24 (Tex. App.—Fort Worth 1997, pet. denied) (holding that private party can assert official immunity if it contracted with a public official to perform governmental duties). We therefore limit our inquiry to whether Rogers is a state "officer."

Albeit in the context of considering the extent of its exclusive mandamus jurisdiction, the supreme court observed long ago that "[t]he words 'officers of the state government' are of a very indefinite meaning." *Betts v. Johnson*, 96 Tex. 360, 362, 73 S.W. 4, 4 (1903). Indeed, the legislature has prescribed that "[i]n any state statute, 'officer' means an officer of this state unless otherwise expressly provided." Tex. Gov't Code Ann. § 651.001 (West 2012). Civil practice and remedies code section 51.014(a)(5) does not define "officer," and the government code section 651.001 general definition does not provide much guidance under these circumstances. However, we are instructed that when a word or phrase has acquired a technical or particular meaning, whether by legislative definition or otherwise, we must use that meaning in construing the statute. *See id.* § 311.011(b) (West 2013). Such is the case here. *See Xeller v. Locke*, 37 S.W.3d 95, 97–98 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)

4

(referring to the absence of a definition of "officer" in section 51.014(a)(5) and considering common law principles to determine whether appellants were within the scope of the statute).

Several courts have identified a number of characteristics that may be relevant to identifying a person as an officer. According to one, "the determining factor which distinguishe[s] a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Dunbar v. Brazoria Cnty.*, 224 S.W.2d 738, 740–41 (Tex. Civ. App.—Galveston 1949, writ ref'd). Along those lines, "[a] public officer is one who is authorized by law to independently exercise functions of either an executive, legislative, or judicial character." *Prieto Bail Bonds v. State*, 994 S.W.2d 316, 320 (Tex. App.—El Paso 1999, pet. ref'd). "Other factors to consider include a fixed term of office, removal provisions, and qualifications for holding the position, all of which are prescribed by statute." *Guerrero v. Refugio Cnty.*, 946 S.W.2d 558, 570 (Tex. App.—Corpus Christi 1997), *disapproved of on other grounds by NME Hosps. v. Rennels*, 994 S.W.2d 142, 146–47 (Tex. 1999).

A few cases that are illustrative of these characteristics include *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369, 380 (Tex. 2009), which involved a suit against a mayor and the board of trustees and board members of the El Paso Firemen & Policemen's Pension Fund; *Texas Education Agency v. Leeper*, 893 S.W.2d 432, 438 (Tex. 1994), which involved a suit against the Texas

5

Commissioner of Education, among other state officials; and *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 75, 308 S.W.2d 838, 838 (Tex. 1958), which involved a suit against the Executive Secretary of the Game and Fish Commission of Texas (now the Texas Parks and Wildlife Department).

With these general principles in mind, we must consider the scope of Rogers's certification as a registered accessibility specialist. The intent of the ABA is "to ensure that each building and facility subject to [the act] is accessible to and functional for persons with disabilities without causing the loss of function, space, or facilities." Tex. Gov't Code Ann. § 469.001(a). In furtherance of that intent, the TAS were promulgated by the Texas Commission of Licensing and Regulation (TCLR) and published by the TDLR. *Id.* § 469.052(a), (c). A building or facility subject to the ABA is subject to compliance with the TAS. 16 Tex. Admin. Code § 68.20(a) (2013) (Tex. Dep't of Licensing & Regulation). To ensure compliance, the ABA requires that plans and specifications for the construction or substantial renovation or modification of a building or facility subject to the ABA be submitted to the TDLR for review and approval. Tex. Gov't Code Ann. §§ 469.101, .102. Moreover, the owner of a building or facility subject to the ABA must have the structure inspected for compliance with the TAS not later than the first anniversary of the date the construction or substantial renovation or modification is completed. *Id.* § 469.105(a).

The review and inspection functions contemplated by the ABA may be performed by the TDLR, an entity with which the TCLR contracts, or a registered

6

accessibility specialist. *Id.* §§ 469.105(b), .205(b). The administrative code defines a registered accessibility specialist as "[a]n individual who is certified by the [TDLR] to perform review and inspection functions of the [TDLR]." 16 Admin. Code § 68.10(19) (2013) (Tex. Dep't of Licensing & Regulation). A person seeking TDLR certification as a registered accessibility specialist must meet certain educational requirements, possess certain experience, and pass an examination. *See id.* § 68.70(a). A person who is certified as a registered accessibility specialist must complete continuing education, renew his or her certificate of registration, and abide by express standards of conduct. *Id.* §§ 68.73, .74, .76; *see* Tex. Gov't Code Ann. § 469.208.

In light of all of the above, we think it is fairly obvious that Rogers is not a state officer as that term is used in section 51.014(a)(5) of the civil practice and remedies code. The relevant provisions of government code chapter 469 evidence a statutory scheme whereby a person who holds a certificate of registration issued by the TDLR may perform the review and inspection functions mandated by the ABA that the TDLR, or an entity with which the TCLR contracts, do not perform. That is the registered accessibility specialist's sole responsibility—ABA-mandated reviews and inspections that the TDLR do not perform. While the TDLR's review and inspection functions certainly are statutorily mandated, a fact that Rogers places considerable emphasis upon, there is nothing in the government code to indicate that the legislature intended

7

to confer upon a registered accessibility specialist some kind of status as state actor, including that of a state officer.

In fact, the government and administrative codes demonstrate the exact opposite. Section 469.105(b) of the government code provides that the review and inspection functions mandated by the ABA may be performed by the TDLR, an entity with which the TCLR contracts, or a registered accessibility specialist. Tex. Gov't Code Ann. § 469.105(b). Section 469.201, which provides that a person may not perform a review or inspection function unless the person holds a certificate of registration issued under subchapter E of chapter 469, states that the section does not apply to the TDLR or an entity with which the TCLR contracts. *Id.* § 469.201(a), (b). Thus, in both sections, the legislature was careful to distinguish a registered accessibility specialist from the TDLR, a state agency. The administrative code is even more direct. It provides that a registered accessibility specialist shall not "represent himself or herself as an employee of the [TDLR] or as a person hired by the department."[4] 16 Tex. Admin. Code § 68.76(e)(11). Considering these efforts to differentiate a registered accessibility specialist from a state agency and its employees, we would find it very difficult to conclude that the legislature could have somehow nonetheless intended to leave open the possibility that a registered accessibility specialist is a state officer.

---

[4]Hence Rogers's argument that he is a state officer, not a state employee.

Further, a registered accessibility specialist neither holds any office nor performs his or her duties for the benefit of the public, and the certificate of registration by which a registered accessibility specialist is authorized to perform the TDLR's review and inspection functions expires at a given time unless renewed by the holder. *See id.* § 68.73(a). These characteristics weigh heavily against Rogers's argument that he is a state officer. *See Prieto Bail Bonds*, 994 S.W.2d at 320; *Guerrero*, 946 S.W.2d at 570; *Dunbar*, 224 S.W.2d at 740–41.

Rogers argues for the first time in his reply brief that we have jurisdiction over this interlocutory appeal because civil practice and remedies code section 51.014(a)(5) provides the state law equivalent of the federal collateral order doctrine. The United States Supreme Court has explained,

> The collateral order doctrine is best understood not as an exception to the "final decision" rule laid down by Congress in § 1291, but as a "practical construction" of it . . . . We have repeatedly held that the statute entitles a party to appeal not only from a district court decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," . . . but also from a narrow class of decisions that do not terminate the litigation, but must, in the interest of "achieving a healthy legal system," . . . nonetheless be treated as "final." The latter category comprises only those district court decisions that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action.

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S. Ct. 1992, 1995–96 (1994) (citations omitted). Rogers does not direct us to any authority applying the doctrine to section 51.014(a)(5), nor have we located any, and we

decline to engraft the federal exception upon the statute in the absence of any indication that our legislature intended to do so itself.

We hold that Rogers is not a state "officer" for purposes of bringing an interlocutory appeal of an order denying a motion for summary judgment based on an assertion of immunity. Accordingly, we overrule his first issue. Having overruled his first, dispositive issue, we do not consider his second issue arguing that the trial court erred by denying his motion for summary judgment. We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).


                                    BILL MEIER
                                    JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED:  August 1, 2013