**DISMISS and Opinion Filed June 26, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01126-CV**

**CULBERSON MIDSTREAM EQUITY, LLC,**
**MOONTOWER RESOURCES GATHERING, LLC, AND**
**CULBERSON MIDSTREAM LLC, Appellants**
**V.**
**ENERGY TRANSFER LP, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03837**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

Culberson Midstream Equity, LLC, Moontower Resources Gathering, LLC,

and Culberson Midstream LLC (collectively Culberson) have filed a petition seeking

permission to appeal the trial court's interlocutory order denying their motion for

summary judgment on respondent Energy Transfer LP's fraud claims. Energy

Transfer's fraud claims are part of a suit it filed, along with its subsidiary ETC Texas

Pipeline, Ltd., against appellants following a dispute involving a gas gathering

contract. For the reasons that follow, we deny the petition. *See* TEX. R. APP. P. 28.3 (providing procedure for permissive appeal).

When the trial court permits an appeal from an interlocutory order, the party seeking to appeal must then file a petition in the court of appeals requesting permission to appeal. *See* TEX. R. APP. P. 28.3(a). We strictly construe such requests because statutes allowing for interlocutory appeals are an exception to the general rule that only final judgments are appealable. *See Rogers v. Orr*, 408 S.W.3d 640, 642 (Tex. App.—Fort Worth 2013, pet. denied).

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish, among other requirements, that the interlocutory order sought to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Settled questions are not proper for a permissive appeal because they are not subject to a substantial ground for difference of opinion. *See Workers' Comp. Sol. v. Tex. Health, L.L.C.*, No. 05-15-01504-CV, 2016 WL 945571, *1 (Tex. App.—Dallas Mar. 14, 2016, no pet.) (mem. op.).

In the petition, Culberson addresses five of the six controlling questions identified by the trial court. These five questions concern generally whether (1) a disclaimer of reliance in the letter of intent and/or negation of obligation to use best efforts to deliver natural gas in the contract negates the necessary element of

justifiable reliance on the fraud claim, (2) warnings from Energy Transfer's head geologist constitute red flags sufficient to negate the element of justifiable reliance on the fraud claim, and (3) damages are available to Energy Transfer on its fraud claim. A contract is subject to being avoided on the ground of fraudulent inducement. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.* 341 S.W.3d 323, 331 (Tex. 2011). However, there is an exception where sophisticated parties, such as the parties before us, represented by counsel disclaim reliance on representations about a specific matter in dispute. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997). Case law on when contractual provisions are sufficient to avoid a claim of fraudulent inducement is well settled. *See Italian Cowboy Partners,* 341 S.W.3d at 333; *Schlumberger Tech. Corp*, 959 S.W.2d at 179. Case law also provides guidance for courts to determine whether alleged red flags render reliance on a misrepresentation unwarranted. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923, 931 (Tex. 2010); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 656 (Tex. 2018). What constitutes red flags is necessarily case-dependent. Finally, on the question of damages, Energy Transfer has yet to prevail on its fraud claim. Should it do so, it will have the opportunity to prove up damages at that time.

Because we conclude that the petition fails to establish the requirement of Rule 28.3(e)(4) that the order involve a controlling question of law as to which there

is a substantial ground for difference of opinion, we deny the petition for permissive appeal and dismiss the appeal. *See* Tex. R. App. P. 28.3(e)(4); 42.3(a).


/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

231126F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CULBERSON MIDSTREAM EQUITY, LLC, MOONTOWER RESOURCES GATHERING, LLC AND CULBERSON MIDSTREAM LLC, Appellants

No. 05-23-01126-CV     V.

ENERGY TRANSFER LP, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-03837. Opinion delivered by Chief Justice Burns. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee ENERGY TRANSFER LP recover its costs of this appeal from appellants CULBERSON MIDSTREAM EQUITY, LLC, MOONTOWER RESOURCES GATHERING, LLC, AND CULBERSON MIDSTREAM LLC.

Judgment entered June 26, 2024