# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00151-CV

**Kerry Ray Lampkin Sr., Appellant**

**v.**

**Dash Recovery, Tony Perez, Tommy Gass, and Gregory Artis, Appellees**

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. DCCV-24-208, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kerry Ray Lampkin Sr., acting pro se, filed a notice of appeal in which he stated his intent to appeal "the denial of Plaintiff's Temporary Restraining Order (TRO) Application"; "the denial of Plaintiff's Motion to Set Bond Amount for the TRO Application"; "[t]he denial of Plaintiff's Motion to Strike the Late Answer of Defendants"; and "[t]he denial of Plaintiff's Proposed Order, Default Judgment, and Set Bond Amount." Though the clerk's record includes an order from the trial court denying Lampkin's motion to strike the defendants' answer and finding his motion for default judgment moot, it does not contain the other orders Lampkin complains of.

Upon initial review, the Clerk of this Court sent Lampkin a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order that has been signed by a

judge. In response, Lampkin maintained that this Court has jurisdiction over the appeal because, "[a]lthough no formal written order was entered," the trial court "effectively denied" his application for a temporary restraining order seeking the return of his repossessed vehicle. In support, Lampkin cited to Texas Civil Practice and Remedies Code Section 51.014(a)(4), which permits an appeal from an interlocutory order that grants or refuses a temporary injunction or a motion to dissolve a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Lampkin also maintained that the collateral-order doctrine provides a basis for this Court's jurisdiction over the trial court's denial of his motion to strike the defendants' answer and his motion for default judgment because that order "would be effectively unreviewable following final judgment," and the "prejudice" to him "cannot be remedied by eventual success on the merits."

Our jurisdiction is limited to final orders or judgments and interlocutory orders explicitly permitted by statute. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Lampkin's response fails to establish that this Court has jurisdiction over any of the orders he attempts to appeal. Lampkin also has not established that the collateral-order doctrine, "a creature of federal procedural law that allows immediate appeal of nonfinal orders in very narrow circumstances," confers appellate jurisdiction to the interlocutory orders he attempts to appeal. *In re Academy, Ltd.*, 625 S.W.3d 19, 34 (Tex. 2021) (orig. proceeding). Lampkin does not direct us to any authority applying the doctrine to such orders, nor have we found any, and we decline to extend the exception absent any indication that the legislature intended to do so. *See Rogers v. Orr*, 408 S.W.3d 640, 644 (Tex. App.—Fort Worth 2013, pet. denied) ("[W]e decline to

engraft the federal exception upon the statute in the absence of any indication that our legislature intended to do so itself.").

Because Lampkin has not identified a signed order from which he may appeal, we lack jurisdiction over this appeal. Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed: April 9, 2025