

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

No. 08-25-00312-CV

John Ramon Ogaz, Appellant

v.

Promise Land Holding, Appellee

On Appeal from the 205th District Court
El Paso County, Texas
Trial Court No. 2024DCV2518

## MEMORANDUM OPINION

Appellant, John Ramon Ogaz, attempts to appeal from the trial court's discovery control plan and scheduling order. In his notice of appeal, Ogaz states that the discovery order is "in effect a final judgment," and that his appeal is authorized by the Collateral Order Doctrine. We dismiss for want of jurisdiction.

Appellate courts have jurisdiction to review final judgments and interlocutory orders deemed reviewable by statute. *See, e.g.*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195

(Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 51.014. "Discovery orders are interlocutory in nature and therefore [are] not appealable until after a final judgment is entered." *Edwards v. Panda Express, Inc.*, No. 05-19-00715-CV, 2019 WL 4027082, at *1 (Tex. App.—Dallas Aug 27, 2019, no pet.) (mem. op.).

On November 18, 2025, the Clerk of this Court notified Ogaz that there did not appear to be a final judgment or an appealable order in his case. We warned Ogaz that his appeal could be dismissed for want of jurisdiction unless he filed a response showing grounds to continue. Tex. R. App. P. 42.3(a). Ogaz did not respond to our notice, and his notice of appeal does not direct us to any authority applying the collateral-order doctrine to a discovery control order. *See In re Academy, Ltd.*, 625 S.W.3d 19, 34 (Tex. 2021) (orig. proceeding) (stating that the collateral-order doctrine is "a creature of federal procedural law that allows immediate appeal of nonfinal orders in very narrow circumstances[.]"); *Rogers v. Orr*, 408 S.W.3d 640, 644 (Tex. App.—Fort Worth 2013, pet. denied) (declining to adopt the collateral-order doctrine in the absence of "any indication" of legislative intent).

Because there is no final judgment, we dismiss this attempted appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

MARIA SALAS MENDOZA, Chief Justice

January 5, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.